202

Pasquale A. Nicolette et al., Suing on Behalf of Themselves and All Other Veteran-Property Owners Residing in the Village of Clyde, Similarly Situated, Plaintiffs, *v.* Village of Clyde, Defendant.

Fourth Department, May 21, 1970.

*Michaels, Cuddy & Bertrand (Milan M. Durgala* of counsel), for plaintiffs.

*John C. Carmer, Jr.,* for defendant.

Moule, J.   This is an action commenced pursuant to CPLR 3222 by submission of an agreed statement of facts. The plaintiffs, Pasquale and Mary Nicolette, are owners of a house and lot located at 267 Glasgow Street, Clyde, New York, and are eligible for a veteran's real property tax exemption under section 458 of the Real Property Tax Law in the amount of $5,000.

In this case of first impression, the parties seek a declaration as to the correct method of applying a veteran's exemption under section 458 of the Real Property Tax Law and computing the tax due so far as the plaintiffs and others similarly situated are concerned.

The property at 267 Glasgow Street has a full value of $13,700. Prior to 1969 a 40% equalization rate was applied

to this full value to arrive at an assessed value of $5,480. The veteran's exemption of $5,000 was subtracted from the assessed value leaving a taxable balance of $480. In 1969 the veteran's exemption of $5,000 was subtracted from the full value of $13,700 leaving a "net full value" of $8,700. A 40% equalization rate was applied to this figure to arrive at a "taxable assessed value" of $3,480.

Subdivision 1 and paragraph (2) of subdivision 1 of section 458 of the Real Property Tax Law provide for a veteran's exemption not to exceed $5,000. Paragraphs (1) and (3) of subdivision 1 set forth the manner in which the exemption is to be applied.

They provide as follows:

" (1) *Such property shall be assessed in the same manner as other real property in the tax districts.* At or before the meeting of the assessors to hear the complaints concerning assessments, a verified application for the exemption of such real property from taxation may be presented to them by or on behalf of the owner thereof, which application must show the facts on which the exemption is claimed, including the amount of eligible funds used in or toward the purchase of such property." (Emphasis added.)

" (3) If the assessors are satisfied that the applicant is entitled to any exemption, *they shall make appropriate entries upon the assessment-roll opposite the description of such property and subtract the total amount of such exemption from the total amount assessed pursuant to the provisions of paragraph one of this subdivision.* Such entries shall be made and continued in each assessment of the property so long as it is exempt from taxation for any purpose. Such real property, to the extent of the exemption entered by the assessors, shall be exempt from state, county and general municipal taxation, but shall be taxable for local school purposes. The provisions herein, relating to the assessment and exemption of property purchased with eligible funds apply and shall be enforced in each municipal corporation authorized to levy taxes." (Emphasis added.)

The words " and subtract the total amount of such exemption from the total amount assessed pursuant to the provisions of paragraph one of this subdivision " were added to paragraph (3) of subdivision 1 of section 458 of the Real Property Tax Law [then Tax Law, § 4, subd. 5, par. 3] by chapter 953 of the Laws of 1958. The Governor's Memoranda on Bills Approved states as to chapter 953: " The purpose of this bill is to clarify the existing provisions of the Tax Law relating to the computa-

tion of a veteran's exemption, by requiring that the amount of such exemption shall be deducted from the assessed value of his real property, without regard to equalization factors." (1958 N. Y. Legis. Annual, p. 495.)

The State Comptroller has issued an opinion that " Veterans' exemptions should be deducted from the assessed value of real property and not from the equalized value." (19 Op. St. Comp. 67–68.) The defendant has submitted two informal memoranda of the State Board of Equalization and Assessment which indicate that veteran's exemptions should be deducted from the full value of property and not the assessed value.

Section 458 of the Real Property Tax Law clearly states that all property shall be assessed in the same manner and that the veteran's exemption must be deducted from assessed value. The method used prior to 1969 complies with these provisions. That used in 1969 does not, since a veteran's property would be assessed differently from other real property in the tax district and the exemption would not be deducted from the assessed value.

Defendant contends that giving this construction to section 458 of the Real Property Tax Law would render it unconstitutional. It argues that in many tax districts property is assessed at only a percentage of true value, and the use of different percentages in arriving at assessed value causes veterans living in different taxing districts to be treated unequally, causes nonexempt property to bear a disproportionate share of the tax burden and constitutes an unlawful delegation of legislative powers. It contends that the method used in 1969 would obviate these objections.

While the method advanced by defendant may in some respects be more equitable since the percentage at which property is assessed affects the value of the exemption, there is no way the statute can be interpreted to authorize it. It is true that section 306 of the Real Property Tax Law provides that real property shall be assessed at full value and that this is not done in the vast majority of taxing districts. However, the courts have recognized that assessments made at less than full value are not invalid if they are made at a uniform percentage of full value throughout the assessing district. (*C. H. O. B. Assoc.* v. *Board of Assessors of County of Nassau,* 45 Misc 2d 184, 192, affd. 22 A D 2d 1015, affd. 16 N Y 2d 779; *Matter of Connolly* v. *Board of Assessors of County of Nassau,* 32 A D 2d 106.)

In enacting section 458 the Legislature was, of course, aware that most tax districts assess at different percentages of full value. One of the purposes of the State Board of Equaliza-

tion, which was created by the Legislature, is to establish equalization rates to overcome this problem.

In any event we do not reach the question whether this interpretation renders the statute unconstitutional since the defendant has no standing to attack the validity of the statute. (*City of Buffalo* v. *State Bd. of Equalization and Assessment*, 26 A D 2d 213.)

Since the plaintiffs make no claim for repayment of taxes paid in 1969, we do not reach the question of whether they are entitled to a refund.

Judgment should be granted without costs in favor of the plaintiffs declaring that in the future the Village of Clyde should deduct veterans' exemptions from the assessed value of property and not from the full or equalized value.

DEL VECCHIO, J. P., MARSH, BASTOW and HENRY, JJ., concur.

Controversy unanimously determined in favor of plaintiffs, without costs.