Ellis J. Staley, Jr., J.
This is an article 78 proceeding brought by the Town of Huntington, Suffolk County, New York, to review a determination of the State Board of Equalization and Assessment which established an equalization rate of 11 for the Town of Huntington based on the 1973 assessment.
On February 19, 1974, the respondent determined a tentative equalization rate of 11 for the petitioner based on the 1973 town assessment. Respondent advised petitioner that a meeting would be held on March 24, 1974 to hear objections, which hearing was adjourned to April 25, 1974. Petitioner did not appear at the April 25, 1974 hearing, but instead filed a written complaint and memorandum. On June 12, 1974, respondent fixed the final equalization rate at 12.
*458 This proceeding was commenced on October 9, 1974 by service of notice of motion and petition. Respondent interposed its answer on December 18, 1974, and petitioner served its reply on February 6, 1975. The matter was heard by Special Term, Supreme Court, Ulster County, on February 7, 1974.
The basic complaint of the petitioner is that respondent’s practice in arriving at its determination of the final equalization rate for petitioner by deducting from the amount of assessed value fixed for the sample properties selected by respondent to establish the rate, the amount of dollars for veterans and clergy personal exemption, and by deducting the same amount from the amount of total full or market value fixed for said sample properties, violates the mandate of the Real Property Tax Law for the determination of an equalization rate. (Real Property Tax Law, § 102, subd 19; § 1202.)
Subdivision 19 of section 102 of the Real Property Tax Law provides:
" 'State equalization rate’ means the percentage of full value at which taxable real property in a county, city, town or village is assessed as determined by the state board.”
Section 1202 of the Real Property Tax Law provides:
"1. Upon final completion of the assessment roll of each city, town and village, the state board shall inquire into and ascertain as near as may be the percentage of full value at which taxable real property in such city, town or village is assessed, which percentage as finally determined as provided in this article shall be the state equalization rate for such roll.”
The issue presented here is whether or not the State Board fixed petitioner’s equalization rate by computing the percentage of full value at which the real property in the Town of Huntington was assessed. Petitioner does not contest the State Board’s sampling methodology or its value formulae.
The State Board made its selection of parcels of real property to be used as the basis for establishing the equalization rate and found the assessed value for said parcels to be $236,060,771, and the market value for said parcels to be $2,065,581,410, which resulted in a percentage ratio of assessed value to market value of 11.43. Petitioner’s complaint originated when the State Board deducted the dollar amount of exemptions granted to veterans and clergy from the as *459 sessed value computed and also deducted the same dollar amount from the market value computed, and the percentage ratio of assessed value to market value was reduced to 10.57. Petitioner contends that this practice has no basis in statute and no foundation in reason; that it is not supported by substantial evidence; and that it is, therefore, arbitrary and illegal. After adding to the reduced rate of 10.57, the accumulative change in level for the years 1970 through 1973 (.164%), the State Board determined the ratio to be 10.74 and, under its policy of rounding to the nearest whole percentage, the State Board found an equalization rate of 11.
Section 458 of the Real Property Tax Law provides veterans with a limited exemption of the amount expended for the purchase of real property from certain proceeds granted to the veteran by the United States or by New York State for military or naval service. This section provides that "Such property shall be assessed in the same manner as other real property in the tax districts” and "If the assessors are satisfied that the applicant is entitled to any exemption, they shall * * * subtract the total amount of such exemption from the total amount assessed”. No exemption shall be allowed a veteran in excess of $5,000 (§ 458, subd 1, pars [1], [2], [3]), and to a member of the clergy in excess of $1,500 (§ 460).
The real property owned by a veteran and entitled to an exemption from the assessment is to be assessed in the same manner and at the same percentage of full or market value as all other residential property. In Nicolette v Village of Clyde (34 AD2d 202) the court held that a veteran’s exemption must be deducted from assessed value, and not from the full value of property as contended by the defendant. The court stated in relation to section. 458 of the Real Property Tax Law as follows: "The words 'and subtract the total amount of such exemption from the total amount assessed pursuant to the provisions of paragraph one of this subdivision’ were added to paragraph (3) of subdivision 1 of section 458 of the Real Property Tax Law [then Tax Law, § 4, subd 5, par 3] by chapter 953 of the Laws of 1958. The Governor’s Memoranda on Bills Approved states as to chapter 953: 'The purpose of this bill is to clarify the existing provisions of the Tax Law relating to the computation of a veteran’s exemption, by requiring that the amount of such exemption shall be deducted from the assessed value of his real property, without regard to equalization factors.’ (1958 N.Y. Legis. Annual, p *460 495.) * * * Section 458 of the Real Property Tax Law clearly states that all property shall be assessed in the same manner and that the veteran’s exemption must be deducted from assessed value.”
There is no statutory authority or judicial interpretation which authorizes the deduction of a veteran’s exemption from full or market value of the veteran’s real property for any purpose. Under the State Board’s computation practice, the greater the number of veterans owning real property in a tax district, the lower will be the equalization rate. Whether an owner of real property may or may not be entitled to a personal exemption bears no relationship to the percentage of full value at which such property is assessed. When a veteran sells his property, the true percentage of full value at which the assessors assess such real property would remain unchanged. The true ratio of assessed value to full or total value should be unaffected by the personal status of the owner of the real property, and the equalization rate should also be unaffected to the same extent. Also the greater the number of veterans’ properties that are included in the sampling used for establishing the equalization rate, the lower the rate would be if respondent’s practice is permitted.
For example, if 10 parcels were selected from a large residential development and all were owned by veterans entitled to a $5,000 exemption, and the assessed value was $10,000 and the market value was $25,000 by using respondent’s practice, the ratio would be 25%, while if the same parcels were owned by nonveterans, the ratio would be 40%. Such a difference in ratios leads to a result that offends the requirement of section 1202 of the Real Property Tax Law that the State Board shall ascertain as near as may be the percentage of full value at which taxable real property is assessed to determine a State equalization rate for the tax district in which the veteran’s real property is located.
The respondent in its answering affidavit of Samuel J. Stein admits in an example set forth to illustrate the application of the State Board’s practice that a 50% ratio of assessed value to market value before exemption would be reduced to 41% by the deduction of the exemption allowed from both assessed value and market value of the hypothetical property.
The court is not unmindful of the judicial determinations that equalization rates as established by the State Board of Equalization and Assessment are valid and entitled to consid *461 erable weight (Guth Realty v Gingold, 34 NY2d 440; Matter of 869 Executive Towers v Board of Assessors of County of Nassau, 79 Misc 2d 821), and that "when the board has acted within its jurisdiction and has given the parties before it a fair hearing, the courts have no alternative but to confirm its determination when substantial evidence is at hand to support it” (Matter of Town of Smithtown v Moore, 11 NY2d 238, 247).
However, in this proceeding petitioner does not contest the State Board’s sampling methodology nor its valuation formulae, but, instead, petitioner objects to the State Board’s mathematical deduction of veterans and clergy exemptions from assessed value and total market value of said properties included in the sampling. Apparently, the board’s justification for such practice is to establish as the amount of taxable real property for veterans and clergy properties, the market value less the exemption allowed. In effect, the board has created its own definition of "taxable real property” as it applies to veterans and clergy properties without any statutory or judicial authority therefor. This assumption of authority by the board is invalid and arbitrary, and the petitioner’s request for relief should be granted.
In Guth Realty v Gingold (supra) Judge Gabrielli, writing for the court, stated (34 NY2d, at p 451):
"Of course, the taxing authority will always be entitled to show that the equalization ratio is inappropriate to the taxing unit, to the category of property involved and to the particular property or any other valid reason which would affect its relevancy or weight.”
Section 306 of the Real Property Tax Law provides that. "All real property in each assessing unit shall be assessed at the full value thereof.” However, assessments of property for tax purposes at less than full value are not invalid if they are made at a uniform percentage of full value throughout the assessing district. (C.H.O.B. Assoc. v Board of Assessors of County of Nassau, 45 Misc 2d 184, affd 22 AD2d 1015, affd 16 NY2d 779.) On the other hand, it is the market value of the property, at the time of the assessment which is the standard of value. (Matter of Lane Bryant v Tax Comm, of City of N Y, 21 AD2d 669, affd 19 NY2d 715.)
Petitioner has established that the manner in which respondent established the equalization rate for the Town of Huntington for the year 1974 was inappropriate, and an equalization rate of 12 should be established for the year 1974.
*462 The 1974 State Equalization Rate for the Town of Huntington, New York should be reviewed by respondent, and recomputed in conformance with the opinion herewith.