the Commissioner of Education which suspended petitioner's license to practice medicine for a period of two months. Charges were made accusing the petitioner of fraud and deceit in the practice of medicine, in violation of section 6514 (subd. 2, par. [a]) of the Education Law, by filing false and fraudulent bills, claims, forms and reports with respect to treatments, findings and medical services rendered to two patients. The petitioner was charged under a second specification with unprofessional conduct, in violation of section 6514 (subd. 2, par. [g]) of the Education Law, based on the same facts set forth in the prior specification. Following two hearings at which the petitioner was represented by counsel and given the opportunity to testify and present evidence, the hearing committee found the petitioner guilty of fraud, deceit and unprofessional conduct. The findings of the committee were later adopted by the full medical grievance committee with the recommendation of a suspension of six months. Following a hearing before the Regents' committee on discipline, the findings of the medical grievance committee were accepted with the recommendation that the measure of discipline be modified to a suspension of two months on each specification to run concurrently. The findings and proposed modification were accepted by the Board of Regents following which a final order was made by the Commissioner of Education. An examination of the record reveals that the hearing committee was presented with sharp issues of fact involving the credibility of the testimony of the physician. When the evidence before an administrative board is conflicting and presents a clear-cut issue as to the veracity of the opposing witnesses, it is for the board to pass upon the credibility of the witnesses and base its inference on what it accepts as the truth. (*Matter of Avon Bar & Grill* v. *O'Connell,* 301 N. Y. 150, 153; *Matter of Sternfels* v. *Board of Regents,* 20 A D 2d 840, mot. for lv. to app. den. 15 N Y 2d 488, cert. den. 382 U. S. 901; *Matter of Burns* v. *Board of Regents,* 17 A D 2d 1011.) Where the conflicting evidence upon which reasonable men might differ leaves room for choice, the court may not weigh the evidence or reject the choice made by the administrative board. (*Matter of Stork Rest.* v. *Boland,* 282 N. Y. 256, 267.) There is substantial evidence to support the findings of the board. Determination confirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur with Brink, J.

■ ROCK HILL SEWERAGE DISPOSAL CORPORATION, Respondent, v. TOWN OF THOMPSON, Appellant.— BRINK, J. Appeal from an order denying a motion to dismiss a complaint made pursuant to CPLR 3211 (subd. [a]). In 1960, a Special Sewage District was formed in the Town of Thompson in Sullivan County, New York. Shortly thereafter in the same year, a private sewage disposal corporation was formed, pursuant to the Transportation Corporations Law, to service an area of the town known as Lake Louise Marie, Rock Hill, Sullivan County. This is a Summer housing development, but only a fraction of the area has actually been developed. On October 22, 1960, a resolution was passed by the Town Board, pursuant to section 451 and section 452 of the General Municipal Law of the State of New York, providing for an annual sewerage charge of $60 for each building plot in the foregoing area and consenting to the formation of the private Sewerage Disposal Corporation. On June 15, 1965, following the receipt of the petition, the Town Board passed another resolution which stated that when the prior resolution fixing the annual sewerage charge of $60 was passed, it was the intention of the board that said charge was sewer rent and might be charged and payable when and only if made with respect to building plots connected to and making use of sewerage facilities. The plaintiff contends in this action that the resolution of 1965 was unconstitutional in that it deprived the plaintiff of property without due process of law.

In the complaint, plaintiff seeks a declaratory judgment that the ordinance is unconstitutional; it also demands judgment that the action of the Town Board on June 15 be stricken from the records and books of the town; that in the event the court finds the action of the defendant to be lawful, a condemnation commission be appointed; that in such event, the town be directed to pay plaintiff the fair value of plaintiff's property and assets together with revenue from its investment. The defendant contends that plaintiff's action is barred by the Statute of Limitations under CPLR 217. This section was formerly included in article 78 of the CPA. The four months' limitation still applies to proceedings under article 78. However, article 78 is not the only means available for the review of the constitutionality of governmental action. Declaratory judgment constitutes an alternative remedy. (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7801.02, subd. [4]; see, also, *Matter of Diocese of Rochester* v. *Planning Bd.*, 1 N Y 2d 508.) The present action is governed by CPLR 213 (subd. 1), limiting the action to six years. The action was, therefore, timely commenced. The complaint should have been dismissed on the grounds that it does not state a cause of action. It cannot be said that the resolution of June 15, 1965 deprived the plaintiff of any property or rights. The original resolution of 1960 fixing the annual sewerage rental or charge was illegal and void if it was within the intent of the ordinance to charge property owners not using the sewerage disposal system. Sections 451 and 452 of the General Municipal Law in force in 1960 limit the authority of municipalities including towns to fix sewer rates on the basis of actual use of the sewerage system by property owners. Although section 451 lists several methods of fixing rentals for the use of sewerage systems under paragraph (e) of subdivision 1 and permits a municipal board to fix the charge on any other equitable basis, the statute generally limits the method employed to the use of the sewerage system. This interpretation of the statute has been followed by the State. (12 Op. St. Comp., 1956, p. 480; 10 Op. St. Comp., 1954, p. 150; 9 Op. St. Comp., 1953, p. 320.) The 1965 resolution could not deprive the plaintiff of something which it never legally acquired under the 1960 resolution. The alternative relief cannot be granted under plaintiff's complaint. Sufficient facts are not alleged to support an action for breach of contract. The plaintiff under no circumstances, can recover on an unlawful agreement. However, on this motion, the plaintiff requested leave to replead in the event the complaint were dismissed. The plaintiff should have an opportunity to plead any other facts which might support a legitimate contract with the defendant if such facts exist. Order reversed, on the law, and motion to dismiss complaint granted, without costs. Gibson, P. J., Herlihy, Aulisi and Staley, Jr., JJ., concur with Brink, J.

■ STATE BANK OF ALBANY, Respondent, v. RICHARD B. MURRAY, Appellant.— GIBSON, P. J. Appeal by defendant from an order of the Supreme Court which denied his motion to be relieved of a judgment entered against him upon his default in appearing and to be permitted to appear, answer or move with respect to the complaint, in an action to recover the amount allegedly due upon a retail installment contract for the sale and purchase of an automobile. Attached to the moving papers is a purported certificate of defendant's birth on July 30, 1945. The answering affidavit alleges that a school record indicates his date of birth as July 1, 1944 and that an employment record sets forth the date as July 31, 1945. The contract was dated October 13, 1965; about two months later defendant surrendered the automobile to the dealer, in the presence of a representative of the plaintiff, the dealer's assignee; on March 2, 1966, this action was commenced by service of a summons; on April 1, 1966, judgment was entered upon defendant's default in appearing; and on June 7, 1966, the motion to be relieved was made, by order to show cause dated that day.