§ 1322). Accordingly, the judgment must be modified to delete the imposition of interest. (Appeal from judgment of Supreme Court, Onondaga County, Shaheen, J.—art 78, summary judgment.) Present—Dillon, P. J., Boomer, Green and Balio, JJ.

■ HAMBURG ASSOCIATES LIMITED PARTNERSHIP, Respondent, v BOARD OF MANAGERS OF ERIE COUNTY SEWER DISTRICT No. 3 et al., Appellants.—Judgment unanimously affirmed with costs. Memorandum: We agree with Special Term that the $65,100 sewer connection charge imposed by the County Sewer District is not authorized by County Law § 266. That section authorizes charges "for the collection, treatment and disposal of sewage", which are in the nature of "user charges" *(see, Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 377) similar to "rate schedules for water sold" and "sewer rents" (County Law § 266 [1]). The section contemplates periodic charges for services actually used, not a lump-sum charge for anticipated use. (Appeal from judgment of Supreme Court, Erie County, Fudeman, J.—summary judgment, declaratory judgment.) Present—Dillon, P. J., Boomer, Green, Balio and Lawton, JJ.

■ EMPIRE OF AMERICA, FEDERAL SAVINGS BANK, Respondent, v ARTHUR ANDERSEN & CO., Appellant. (Appeal No. 1.)— Appeal dismissed as academic without costs. All concur, Dillon, P. J., not participating. (Appeal from order of Supreme Court, Erie County, Sedita, J.—dismiss causes of action.) Present—Dillon, P. J., Boomer, Green, Balio and Lawton, JJ.

■ EMPIRE OF AMERICA, FEDERAL SAVINGS BANK, Respondent, v ARTHUR ANDERSEN & CO., Appellant. (Appeal No. 2.)— Order modified on the law and as modified affirmed without costs, in accordance with the following memorandum: The plaintiff bank sued the defendant public accounting firm for negligent and fraudulent preparation of financial statements upon which plaintiff relied in extending loans to an electrical contractor who had hired the defendant to perform an audit. Special Term properly denied defendant's motion to dismiss plaintiff's second cause of action. On a motion to dismiss for failure to state a cause of action (CPLR 3211 [a] [7]) we must assume plaintiff's allegations are true *(see Becker v Schwartz,* 46 NY2d 401, 408; *Cohn v Lionel Corp.,* 21 NY2d 559, 562). Plaintiff alleged a relationship sufficiently intimate to be equated with privity based upon a direct oral and written communication between plaintiff and defendant *(see, Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536, 543, 554; *First*