■ MARK IV CONSTRUCTION CO., INC., Appellant, v COUNTY OF MONROE et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: Plaintiff, a developer of real property, commenced this action seeking a judgment declaring that sewer connection fees were invalidly imposed and calculated by defendant sewer districts. Plaintiff also seeks to recover those fees, paid under protest, allegedly totaling approximately $111,000, including $5,000 allegedly paid for a single nonresidential hookup. Defendants deny those allegations and claim that they charge $250-$300 for each residential connection and $350-$400 for each nonresidential connection. They further claim that those fees represent the actual costs incurred in regulating new sewer connections.

On defendants' motion and plaintiff's cross motion for summary judgment, Supreme Court granted defendants partial summary judgment. The court declared that defendants are empowered to impose sewer connection fees pursuant to their regulatory authority. The court therefore dismissed plaintiff's complaint insofar as it sought a declaration that sewer connection fees are illegal in principle. Additionally, the court ordered a trial on the issue whether the fees imposed exceeded defendants' actual costs of regulating sewer connections or whether, as defendants contend, such fees were reasonably calculated.

We conclude and agree that sewer connection fees, to the extent that they reflect the actual and reasonable costs of regulating sewer connections, may be imposed by sewer districts upon property owners pursuant to County Law § 266 (1) (a). That statute empowers a sewer district to establish "a scale of charges for the collection, conveyance, treatment and

disposal of sewage, waste water or refuse * * * to be determined on any equitable basis", and generally has been construed as authorizing "user charges" *(see, Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 377, *affg* 44 AD2d 219, 220, 223, 224; *Hamburg Assocs. Ltd. Partnership v Board of Mgrs.,* 129 AD2d 990, *lv dismissed* 70 NY2d 694; *cf., Rock Hill Sewerage Disposal Corp. v Town of Thompson,* 27 AD2d 626, 627 [construing sections 451 and 452 of the General Municipal Law]).

We conclude that those who tap into a sewer system are "users" of the system, and that sewer connection fees, to the extent that they pass on the actual cost of regulating connections, are permissible "charges for the collection, conveyance, treatment and disposal of sewage" (County Law § 266 [1] [a]).

Our analysis in this case is consistent with the result reached by this Court in *Hamburg Assocs. Ltd. Partnership v Board of Mgrs. (supra).* There, we affirmed an order invalidating a $65,100 "tap-in" fee imposed upon the developer of a shopping mall because the sewer district admitted that the actual cost of regulating the connection was less than $1,500 and that the balance of the fee was an "equity charge" designed to defray the cost of establishing "excess" or "reserve capacity" in the sewer system. The developer objected to the charge on the ground that it exceeded the actual cost of approving the connections; both the trial court and this Court agreed and invalidated the charge to that extent. To the extent that the last sentence of our decision in *Hamburg* may have been inconsistent with the result reached in that case and may conflict with our analysis and conclusion herein, it is disaffirmed. (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Boehm and Davis, JJ.