■ ROBERT B. KINKEAD et al., Appellants, v VILLAGE OF ROUND LAKE, Respondent.—Levine, J. Appeal from a judgment of the Supreme Court (Brown, J.), entered February 27, 1992 in Saratoga County, upon a decision of the court in favor of defendant.

Plaintiffs are owners of real property located in the Village of Round Lake, Saratoga County. The property was improved with a house, which was in poor condition, and, at the time this action was commenced, had been uninhabited for several years. Defendant, however, continued to charge plaintiffs wa-

ter and sewer rents. Plaintiffs paid these bills annually until 1990, when they requested a refund of fees they had paid. Upon defendant's denial of the request, plaintiffs commenced the present action. Supreme Court found that defendant had the authority to impose water and sewer rents, and plaintiffs now appeal.

The issue presented by this appeal is whether defendant may properly charge plaintiffs water and sewer rents even though their property was uninhabitable at the time the charges were imposed. Defendant's authority to impose water and sewer rents is subject to the limitation that such charges be imposed only for the use of the systems (see, General Municipal Law § 451 [1]; Village Law § 11-1118; *Rock Hill Sewerage Disposal Corp. v Town of Thompson*, 27 AD2d 626, 627). In *Rock Hill Sewerage Disposal Corp. v Town of Thompson (supra)*, this Court found that vacant lots which were unimproved with structures and not connected to the sewer system could not be charged sewer rents *(supra,* at 627).

In the present case, however, plaintiffs' property was improved with a house, which remained connected to the systems, and was significantly benefitted by them. As to the sewer rents, the property was benefitted by the maintenance of effluent and storm sewer lines that prevented damage to plaintiffs' structure by preventing flooding of the property, as well as by increased property value (see, *Elmwood-Utica Houses v Buffalo Sewer Auth.,* 65 NY2d 489, 496; *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 60). Likewise, most of the fee charged for water rents was applied towards the maintenance and construction of a water tower, pump station and reservoir, as well as for maintenance of defendant's firefighting equipment and crew. Thus, through reduced risk of destruction or damage by fire, plaintiffs' property was benefitted by the water system. As such, the imposition of water and sewer rents was proper.

Mikoll, J. P., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.