In the Matter of TOWN OF HUNTINGTON, Respondent, v STATE BOARD OF EQUALIZATION AND ASSESSMENT, Appellant.

Third Department, July 1, 1976

*Louis J. Lefkowitz, Attorney-General (Joseph P. McCale* and *Ruth Kessler Toch* of counsel), for appellant.

*Ronald Glickman (Frank J. Mack* of counsel), for respondent.

REYNOLDS, J. Petitioner brought this proceeding pursuant to CPLR article 78 to review a determination of the State Board of Equalization and Assessment (hereinafter State Board) claiming that the State Board determined its 1974 equalization rate of 11 by erroneously and illegally deducting from both the total assessed valuation and the total market valuation of all taxable real property, the amounts of the partially exempt veteran, clergymen and aged exemptions and that without the alleged illegal computation the petitioner's correct 1974 equalization rate would be 12. The State Board by its answer conceded these basic allegations and asserted its procedure was mandated and authorized by law. Special Term found the State Board's procedure followed in determining petitioner's 1974 equalization rate was improper and entered the judgment appealed from granting the petition and fixing petitioner's 1974 State equalization at 12, and the State Board appealed.

On this appeal the State Board claims that pertinent statutes authorize the contested procedure. We disagree. Special Term was correct in granting the petition and the judgment must be affirmed. The State Board was not authorized or mandated to deduct the dollar amount of exemptions granted to veterans, the clergy and the aged from the assessed value and from the market value. Subdivision 19 of section 102 of the Real Property Tax Law provides that the " 'State equalization rate' means the percentage of full value at which taxable real property in county, city, town or village is assessed as determined by the state board." Section 1200 of the Real Property Tax Law provides "At least once in every five years the state board shall, as part of its procedure for establishing state equalization rates pursuant to this article, sample the ratio of assessments to market values for each major type of taxable real property as of the same date or period of time in

all cities, towns and villages. Upon completion of each state-wide study, the results thereof shall be filed in the office of the state board as a public record." Paragraph (1) of subdivision 1 of section 458 of the Real Property Tax Law, which creates for veterans a limited exemption from taxation, provides that "Such property shall be assessed in the same manner as other real property in the tax districts". The exemption is granted only upon a verified application therefor and cannot exceed $5,000. The amount of the exemption has no bearing on the assessed valuation of the real property or upon the market value of the property.

On granting an exemption, the assessors are directed by paragraph (3) of subdivision 1 of section 458 of the Real Property Tax Law to "subtract the total amount of such exemption from the total amount assessed pursuant to the provisions of paragraph one". The assessment remains the same. It remains taxable property but with a limited personal and transitory exemption for the purpose of determining the amount of the taxes payable (see *Nicolette v Village of Clyde,* 34 AD2d 202). We conclude that sections 1200 and 1202 of the Real Property Tax Law preclude the State Board's challenged procedure. We find no merit in the State Board's claim that the petitioner created the problem by failing to assess its taxable property at full value and, consequently, has no legitimate grievance.

The judgment should be affirmed, with costs.

KOREMAN, P. J., KANE, MAIN and HERLIHY, JJ., concur.

Judgment affirmed, with costs.