In the Matter of ELIZABETH ARCHER et al., Appellants, v TOWN OF NORTH GREENBUSH et al., Respondents.

Third Department, May 21, 1981

**APPEARANCES OF COUNSEL**

*Eric Freedman* for appellants.

*Raymond J. Elliott, III*, for respondents.

*Robert L. Beebe (Stephen J. Harrison* and *Joseph K. Gerberg* of counsel), for State Board of Equalization and Assessment, *amicus curiae.*

SWEENEY, J.

Section 458 of the Real Property Tax Law provides certain exemptions for veterans the value of which is dependent upon the percentage of full value at which the municipality assesses real property. A change from fractional to full value assessment reduces the value of the exemptions. Consequently, section 458 of the Real Property Tax Law was amended in 1979 (L 1979, ch 134) so as to require municipalities which had undergone court-ordered full value assessment to increase or decrease the amount of the exemption in the same proportion as the total assessed value had been increased or decreased (Real Property Tax Law, § 458, subd 5, par [a]). Municipalities voluntarily changing to full value assessment were given the option of providing the same relief by local law (Real Property Tax Law, § 458, subd 5, par [b]). In our view, the obvious intent of this legislation, which terminated on December 31, 1980 (L 1979, ch 134, § 2), was to lessen the immediate impact of increased taxes on eligible veterans caused by a shift to full value assessment.

In 1980, respondent Town of North Greenbush voluntarily changed to full value assessment and the town board passed a local law adopting the option authorized in section 458 (subd 5, par [b]) of the Real Property Tax Law. A local law which changes a provision of law relating to assessments of real property is subject to a referendum on petition (Municipal Home Rule Law, § 24, subd 2, par c). The local law at issue herein was not adopted subject to a referendum on petition.

Petitioners commenced an article 78 proceeding seeking to have the local law declared null and void on the grounds that it was subject to a referendum on petition and that it violated the equal protection clauses of the New York State and United States Constitutions. The proceeding was converted into one for a declaratory judgment and thereafter Special Term (105 Misc 2d 60) dismissed the petition, with prejudice, on the grounds that it failed to state a legally cognizable cause of action and that the local law was

neither unconstitutional nor subject to a referendum on petition. This appeal ensued.

■ In order to determine whether or not the local law was subject to a referendum on petition, the issue narrows to whether the local law changed a provision of law relating to assessments of real property within the meaning of section 24 (subd 2, par c) of the Municipal Home Rule Law. We find no precise case in point, but in an analogous situation this court interpreted the word "changes" as referring to an amendment which substitutes one form of local procedure for another form of local procedure *(Matter of Yaras [City of Albany]*, 283 App Div 214, affd 308 NY 864). It is specifically provided in section 458 (subd 1, par [1]; subd 2) of the Real Property Tax Law that property qualifying for exemptions for veterans be assessed in the same manner as other real property in the tax district. As this court has previously stated in a related context, the amount of the exemption has no bearing on the assessed valuation of the real property *(Matter of Town of Huntington v State Bd. of Equalization & Assessment*, 53 AD2d 6, mot for lv to app den 40 NY2d 805). In our view, the local law did not change the manner of assessment nor substitute another form of procedure and, accordingly, we conclude that it did not change a provision of law relating to assessments of real property within the meaning of section 24 (subd 2, par c) of the Municipal Home Rule Law. A referendum on petition, therefore, was not mandated.

■ Petitioners also challenge the local law as violative of the equal protection clauses of the United States and New York State Constitutions contending that it arbitrarily discriminates against property owners without a veterans' exemption. Where there is a claim of a violation of equal protection principles, great deference is given to legislatures in classification and the burden is on those asserting a constitutional infirmity to demonstrate the absence of any conceivable state of facts which would support the classification *(Matter of Catapano Co. v New York City Fin. Admin.*, 40 NY2d 1074, app dsmd 431 US 910). We are of the opinion that petitioners have failed to meet this burden and, consequently, the local law must be upheld as

constitutional. Having so concluded, we need not now consider petitioners' argument that invalidation of the local law would not put the respondent town's budget process into a state of disarray and confusion. Petitioners, upon oral argument, withdrew their remaining contention.

While we agree with the grounds for dismissal set forth by Special Term, it was error to dismiss the petition in view of the fact that the proceeding had been converted to one for a declaratory judgment *(Peasley v Reid,* 57 AD2d 998). We, therefore, modify the order by striking the first and third decretal paragraphs and substituting therefor a provision declaring that the local law was not subject to a referendum on petition pursuant to section 24 (subd 2, par c) of the Municipal Home Rule Law and is not violative of the equal protection clauses of the United States and New York State Constitutions.

The order should be modified, on the law, to the extent of striking therefrom the decretal paragraphs dismissing the petition and substituting therefor a provision declaring that Local Law No. 3-1980 of the Town of North Greenbush was not subject to a referendum on petition pursuant to section 24 (subd 2, par c) of the Municipal Home Rule Law and is not violative of the equal protection clauses of the United States and New York State Constitutions, and, as so modified, affirmed, without costs.

MAHONEY, P. J., MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Order modified, on the law, to the extent of striking therefrom the decretal paragraphs dismissing the petition and substituting therefor a provision declaring that Local Law No. 3-1980 of the Town of North Greenbush was not subject to a referendum on petition pursuant to section 24 (subd 2, par c) of the Municipal Home Rule Law and is not violative of the equal protection clauses of the United States and New York State Constitutions, and, as so modified, affirmed, without costs.