■ ANTHONY ARCURI, Appellant, v VILLAGE OF REMSEN, Respondent. [609 NYS2d 507] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Following construction of a new sewer system, the Village of Remsen (Village) enacted Local Laws, 1991, No. 2 establishing a "user unit" classification system for sewer capital charges

and sewer rents. Thereafter, plaintiff, the owner of five multi-unit apartment buildings located in the Village, commenced this action challenging Local Law No. 2 as illegal, invalid and unconstitutional. Supreme Court denied plaintiff's motion for summary judgment, granted summary judgment to the Village and dismissed the complaint.

The "user unit" system was promulgated by the Village pursuant to General Municipal Law § 451 (1) (e). General Municipal Law § 451 (1) states that sewer rents may be based on (a) consumption of water, (b) number and kind of plumbing fixtures, (c) number of persons served, (d) volume and character of sewage discharged or (e) "any other equitable basis determined by the local legislative body, including but not limited to any combination of the foregoing." General Municipal Law § 451 (1) (e) represents a flexible standard that allows the use of methods not particularized in the statute. After public hearings and consultation with its engineers, the Village formulated the allocation of "user units" to the various classifications of property within the Village and charged sewer rents on that basis. For example, a one-family dwelling unit was allocated one "user unit", whereas a two-family unit was allocated two "user units"; a restaurant without a dwelling unit was allocated three "user units" and a restaurant with a one-family dwelling unit was allocated four "user units". The record indicates that the Village carefully exercised its responsibility in choosing the "user unit" system. It took into consideration the Village's small size and antiquated water system, which made sewer rates based on water consumption unreliable, the limited number of hookups, the need to stabilize the amount billed to each property owner, and the "tremendous [billing] swings" if sewer rates were based on water usage. The "user unit" classification system presented a reasonable response to the multiple concerns of the Village, while ensuring that the sewer charges would bear a rational relationship to the use of the system. The fact that the occupancy or use of a particular property, on occasion, might result in a disproportionate cost compared to that of other properties does not compel the conclusion that the "user unit" classification is irrational or inequitable. The law requires a rational basis for a legislative classification, rather than mathematical certainty, and there is no irrationality in the assumption, for example, that a two-family dwelling unit will produce twice the sewage of a one-family dwelling unit (see, *Matter of Pearl Leather Finishers v Gloversville-Johnstown*

*Joint Sewer Bd.,* 162 AD2d 923, 925, *affd* 79 NY2d 430). "Exact congruence between the cost of the services provided and the rates charged to particular customers is not required. Where only an approximation of cost or value is possible, discrepancies may have to be endured in the name of administrative flexibility so long as there exists some rational underpinning for the charges levied" *(Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 59). The relevant inquiry "is whether [the Village's] formulae reflect reasonable and nonarbitrary interpretations of the statute" *(Watergate II Apts. v Buffalo Sewer Auth., supra,* at 59). We reject plaintiff's contention that *Watergate II Apts. v Buffalo Sewer Auth. (supra)* is inapplicable here *(see,* 1979 Opns St Comp No. 79-792, at 170).

We also reject plaintiff's contention that the Village may not charge sewer rents for unoccupied units. Uninhabited improved property that is connected to a sewer system may properly be charged sewer rents because of the obvious benefit to that property *(see, Kinkead v Village of Round Lake,* 187 AD2d 905).

Plaintiff's contentions that Local Law No. 2 fails to state the basis of the sewer charges, in violation of General Municipal Law § 452 (5) (b), and that Local Law No. 2 illegally bills sewer rents in advance of actual use are without merit.

Finally, Supreme Court should not have granted summary judgment to defendant dismissing the complaint but should have declared the rights of the parties *(see, Pless v Town of Royalton,* 185 AD2d 659, *affd* 81 NY2d 1047). We modify the judgment, therefore, by reinstating the complaint and granting judgment in favor of defendant declaring that Local Law No. 2 is not unconstitutional, irrational or arbitrary. (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J. —Declaratory Judgment.) Present—Green, J. P., Balio, Lawton, Doerr and Boehm, JJ.