[620 NYS2d 570]

In the Matter of JAMES S. HULL, Appellant, v TOWN OF WARRENSBURG et al., Respondents.

Third Department, December 29, 1994

### APPEARANCES OF COUNSEL

*McClung, Peters & Simon,* Albany *(John W. Scott* of counsel), for appellant.

*John S. Hall, Jr.,* Warrensburg, for respondents.

### OPINION OF THE COURT

PETERS, J.

Respondent Town Board of the Town of Warrensburg (hereinafter the Board) created Sewer District No. 1 in said Town and thereafter adopted a Sewer Use Ordinance (hereinafter the Ordinance) in 1992 establishing sewer rents for all property within the sewer district. The Ordinance imposed rents based upon "user units", defined as the flow from a typical residence of 2.3 persons. The Ordinance explicitly states that such definition was derived from a "consideration [of] all pertinent factors that may affect the overall operation of the sewer system including water consumption, number and kind of plumbing fixtures and appliances served by the sewer system, the number of persons and volume and character of the sewage". Residences, multifamily units and commercial establishments were all classified by schedule annexed to the Ordinance, with each allocated a number of user units.

Petitioner owns mixed commercial and residential property in the sewer district consisting of six one-bedroom apartments, space for three retail stores and a delicatessen. The Board assessed petitioner 9.5 sewer user units, based on one user unit for each of the six apartments, one for each store and

one-half unit for the delicatessen. Pursuant to CPLR 3001, petitioner sought a declaration that the ordinance was null and void and sought review pursuant to CPLR article 78 of the Board's assessment. Supreme Court dismissed the petition and petitioner appeals.

■ Preliminarily, we note that petitioner initiated a combined CPLR article 78 proceeding and a declaratory judgment action. In the CPLR article 78 proceeding, petitioner sought review of his assessment. In the declaratory judgment action, petitioner sought an order declaring the Ordinance null and void. In light of this procedural background, we reject petitioner's contentions that Supreme Court erred in dismissing the petition because respondents failed to comply with CPLR 7804 (e) by, *inter alia,* not filing a certified transcript of the record of the proceedings leading to the adoption of the Ordinance. Where an administrative action is alleged to be unconstitutional, a declaratory judgment action is the appropriate vehicle for challenge *(see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57-58). Since the constitutionality of the Ordinance is appropriately raised in such context, we find that compliance with CPLR 7804 (e) is not required *(see,* CPLR 7801 *et seq.).*

■ Addressing the central issue, whether the subject Ordinance is a valid and constitutional exercise of the Board's power, we note that General Municipal Law § 452 (1) authorizes the imposition of sewer rents by local governments with such charges based upon the following factors: "(a) the consumption of water on the premises connected with and served by the sewer system or such part or parts thereof, (b) the number and kind of plumbing fixtures on the premises connected with and served by the sewer system or such part or parts thereof, (c) the number of persons served on the premises connected with and served by the sewer system or such part or parts thereof, (d) the volume and character of sewage, industrial waste and other wastes discharged into the sewer system or such part or parts thereof, or (e) upon any other equitable basis determined by the local legislative body, including but not limited to any combination of the foregoing" (General Municipal Law § 451 [1]).

Where only an approximation of usage is possible, "[e]xact congruence between the cost of the services provided and the rates charged to particular customers is not required" *(Watergate II Apts. v Buffalo Sewer Auth., supra,* at 59). Although a "rational underpinning for the charges levied" *(supra,* at 59)

must be found, it has been held that these discrepancies might have to be endured to promote administrative flexibility (supra, at 59).

Here, it is clear that the "user units" are based upon a consideration of the statutory factors listed in General Municipal Law § 451 (1). In reviewing the statute as a whole and noting that user unit systems have been found to be acceptable methods of allocating rents, "[t]he fact that the occupancy or use of a particular property, on occasion, might result in a disproportionate cost compared to that of other properties does not compel the conclusion that the 'user unit' classification is irrational or inequitable" (Arcuri v Village of Remsen, 202 AD2d 991, 992). "[T]here is no irrationality in the assumption, for example, that a two-family dwelling unit will produce twice the sewage of a one-family dwelling unit" (supra, at 992; see, Matter of Pearl Leather Finishers v Gloversville-Johnstown Joint Sewer Bd., 162 AD2d 923, 925, affd 79 NY2d 430). The various user units imposed here on different commercial establishments are reflected, for instance, by the charge to a laundry based upon the number of washing machines and to a car wash by the number of wash bays. Similarly, with rates permissibly based upon the number of persons served (see, General Municipal Law § 451), the Ordinance calculates rents for a preschool based on the number of children enrolled, a nursing home based on the number of beds, a commercial office based on the number of employees and multiple family dwellings based on the number of residential units. Hence, we find that the rents charged under the Ordinance bear a rational relationship to the amount of use. In noting that a rational basis, rather than mathematical certainty, is all that is required, we find the Ordinance at issue rationally based.

With respect to petitioner's contention that the Ordinance is irrational due to the underassessment of other properties based on the amount of water consumed, we note that such arguments have been raised in prior actions and rejected (see, Arcuri v Village of Remsen, supra). The law requires a rational basis for these classifications rather than mathematical exactitude (supra).

Addressing the Board's assessment of 9.5 user units to petitioner, we note that our standard of review in this proceeding is whether the Board's action was made "in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR

7803 [3]). Since petitioner does not argue that his assessment is inaccurate based upon the Ordinance and since such Ordinance survives our review, any assessment based thereon must be found to be rational. Accordingly, the determination of the Board will not be disturbed and therefore any resultant liens against petitioner's property are authorized by General Municipal Law § 452 (3).

Having found that the sewer rents bear a relationship to the services and benefits rendered to property owners and that there is a rational basis for the rates charged, we modify Supreme Court's judgment to include a declaration that the Ordinance is in all respects valid and has not been shown to be violative of the Municipal Home Rule Law, the NY Constitution or the US Constitution.

CARDONA, P. J., MERCURE, WHITE and CASEY, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by declaring that the Sewer Use Ordinance of respondent Town of Warrensburg is valid and has not been shown to be violative of the Municipal Home Rule Law, the NY Constitution or the US Constitution, and, as so modified, affirmed.