■ In the Matter of FRONTIER INSURANCE COMPANY, Appellant, v TOWN BOARD OF THE TOWN OF THOMPSON et al., Respondents. [676 NYS2d 298] —White, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered June 4, 1997 in Sullivan County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, dismissed the petition as, *inter alia*, time barred.

In December 1992, respondent Town Board of the Town of Thompson, pursuant to General Municipal Law article 14-F,

enacted Local Laws, 1992, No. 6 of the Town of Thompson (hereinafter the 1992 law) that established a sewer rent schedule for respondent Emerald Green-Lake Louise Sewer District of the Town of Thompson. The 1992 law provided that the sewer rents would be computed in accordance with a point system wherein the properties located within the Sewer District were placed in certain categories that had been assigned rent points and debt points. To illustrate, petitioner's property, a 125,000-square-foot office building, was placed in category H that had been assigned 20 rent points and 20 debt points, plus 10 rent points and 10 debt points for each $35,000 of assessed valuation or portion thereof in excess of $200,000 and 13 rent points and 13 debt points for each wash room. In 1993, 1994 and 1995, the Town implemented the 1992 law by enacting local laws assigning dollar values to the rent and debt points. Thereafter, in April 1996, petitioner commenced this combined declaratory judgment action/CPLR article 78 proceeding challenging the aforementioned laws. Respondents answered and sought dismissal of the petition on the grounds that it was time barred and failed to state a cause of action. Supreme Court granted the relief, finding the causes of action challenging the 1992, 1993 and 1994 laws barred by the four-month Statute of Limitations applicable to CPLR article 78 proceedings and the one predicated upon the 1995 law insufficient on the merits. On reargument, Supreme Court determined that it should not have granted respondents summary relief on the merits, thereby reinstating the cause of action challenging the 1995 law that was not time barred. Petitioner appeals, contending that the six-year Statute of Limitations applicable to declaratory judgment actions governs its causes of action relating to the 1992, 1993 and 1994 laws.

To determine the applicable limitation period, we must look to the underlying claim and the nature of the relief sought to ascertain whether the rights the parties are seeking to have adjudicated in the declaratory judgment action could have been raised in an action or proceeding having a statutorily prescribed limitation period (*see*, *Vigilant Ins. Co. v Housing Auth*, 87 NY2d 36, 41). Whenever governmental activity is being challenged, the immediate inquiry is whether the challenge could have been advanced in a CPLR article 78 proceeding (*see*, *New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 201). The determinative question in such case is whether the challenge is to a legislative act since such a challenge cannot be pursued in a CPLR article 78 proceeding but rather must be maintained in an action for a declaratory judgment (*see*, *Matter of Ames Volkswagen v State Tax Commn.*, 47 NY2d 345, 348).

Guided by these principles, we find that the 1992 law is a legislative act given its general applicability, indefinite duration and formal adoption (*see, Janiak v Town of Greenville*, 203 AD2d 329, 331), which finding is in accord with our determination in *Matter of Hull v Town of Warrensburg* (207 AD2d 37) that involved a constitutional challenge to an enactment establishing sewer rents (*see, Arcuri v Village of Remsen*, 202 AD2d 991). Accordingly, we conclude that petitioner's constitutional challenge to the 1992 law is the proper subject of an action for a declaratory judgment and that it was timely commenced as it was interposed prior to the expiration of the six-year Statute of Limitations.

Petitioner's first cause of action alleges that the 1992 law is void in that it does not adhere to the statutory requirements of the enabling legislation set forth in General Municipal Law article 14-F. Inasmuch as this challenge is directed at the substance of the 1992 law and not the procedures followed in its enactment, it is a proper subject of a declaratory judgment action (*see, Consolidated Edison Co. v Town of Red Hook*, 60 NY2d 99, 107-109; *Annenberg v Environmental Control Bd.*, 220 AD2d 634). Thus, we find this cause of action to be timely.

Lastly, we agree with Supreme Court that the challenges to the 1993 and 1994 laws implementing the 1992 law could only be maintained in a CPLR article 78 proceeding since such laws are administrative rather than legislative (*see, Press v County of Monroe*, 50 NY2d 695, 703; *Matter of Heritage Hills Sewage Works Corp. v Town Bd.*, 245 AD2d 450, 453; *International Paper Co. v Sterling Forest Pollution Control Corp.*, 105 AD2d 278, 282). Thus, as this action was commenced more than four months after the enactment of the 1993 and 1994 laws, the causes of action predicated upon them are time barred.

Mikoll, J. P., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the first, fourth, fifth, seventh and eighth causes of action insofar as they relate to Local Laws, 1992, No. 6 of the Town of Thompson, and, as so modified, affirmed.