■ In the Matter of FRONTIER INSURANCE COMPANY, Appellant, v TOWN BOARD OF THE TOWN OF THOMPSON et al., Respondents. [728 NYS2d 311] —Mugglin, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered December 28, 2000 in Sullivan County, which, *inter alia*, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted certain respondents' cross motions for summary judgment dismissing the petition/complaint.

Petitioner's corporate office is located in the Town of Thompson, Sullivan County within respondent Emerald Green-Lake Louise Sewer District (hereinafter the District). Sewage discharge is not monitored by meters and the District is subject to substantial inflow (attributable to such things as sump pumps illegally discharging into the sewer) and infiltration

(consisting of ground or rain water which enters the sewer through damaged pipes or improperly sealed manhole covers). In December 1992, respondent Town Board of the Town of Thompson enacted Local Laws, 1992, No. 6 of the Town of Thompson (hereinafter the 1992 law) that established a sewer rent schedule for the District. Pursuant thereto, sewer rents are calculated on a point system, with different categories of property having varying rent points and debt points assigned to them. Rent points correspond to operation and maintenance expenses while debt points correspond to capital improvement expenses. Category H properties (commercial office and small store buildings), of which petitioner's corporate office is one, are assessed 20 rent points and 20 debt points, plus 13 rent points and 13 debt points for each washroom in the building. Unique to category H is the further imposition of 10 rent points and 10 debt points for each $35,000 of assessed value or fraction thereof in excess of $200,000. Each year the Town enacts legislation setting forth the rates for each rent point and debt point (hereinafter the yearly enactments).

For each year from 1996 through 2000, petitioner has sought by combined declaratory judgment action/CPLR article 78 proceeding to invalidate the 1992 law and each yearly enactment, alleging that these laws violate General Municipal Law article 14-F as well as petitioner's equal protection rights under the Federal and State Constitutions. Petitioner further claims that the 1992 law amounts to a "confiscation of property under color of law" in violation of 42 USC § 1983. After all respondents answered the petition, extensive discovery was completed and a conference was held with Supreme Court in which all parties represented that summary judgment motions would be dispositive and a trial was unnecessary. Pursuant to a scheduling order issued by the court, various motions and cross motions for summary judgment were filed. After consolidating all of the underlying actions/proceedings, Supreme Court, *inter alia*, granted the motions of the Town Board, the District, and respondent Emerald Green Property Owners Association, Inc. (hereinafter the Association)* and dismissed the consolidated action/proceeding declaring that the 1992 law and yearly enactments were constitutionally valid. Petitioner appeals.

We first address two procedural matters. We find unpersuasive petitioner's challenge to the grant of summary judgment to the Association. Not only is this raised for the first time on

---

* The Association, which is a not-for-profit association representing the interests of homeowners and lot owners in the Emerald Green development, was granted permission to intervene in this matter.

appeal, but the major premise for the argument—that the Association's motion was supported only by an attorney affirmation—is unpersuasive as it ignores the proper use of that affirmation to reference all prior pleadings and proceedings. Also, we perceive that the parties herein charted their own procedural course and that, while they denominated their respective motions as being for summary judgment, in actuality—since they agreed discovery was complete—their submissions to Supreme Court were the functional equivalent of a bench trial. Thus, the relevant issue for our review is not whether issues of fact remain which would require a trial (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Murphy v County of Westchester*, 228 AD2d 970), but simply whether petitioner, on the facts in this record, is entitled to the relief it seeks.

As framed by its appellate brief, petitioner alleges that the 1992 law, as applied to it, violated General Municipal Law article 14-F because (1) sewer rent assessments are based predominantly on the property's assessed value and, therefore, are not equitably related to the services provided, (2) only category H properties had their assessed value considered when calculating sewer rent charges, thus resulting in inequities when compared with the general population of properties, (3) within category H, petitioner's property was one of only a few which met the threshold for taking into consideration assessed value and they therefore paid much more than any other category H property, and (4) petitioner's sewer rent assessment amounted to 23.7% of the total sewer district budget while, by its calculation, it generated only approximately 4.76% of the sewage. Additionally, petitioner claims that the method of calculating sewer rents for category H properties violates the Equal Protection Clauses of the Federal and State Constitutions because that method is not rationally based as it is not related to actual sewer use.

We begin our analysis by recognizing that "[l]egislative enactments carry an exceedingly strong presumption of constitutionality, and while this presumption is rebuttable, one undertaking that task carries a heavy burden of demonstrating unconstitutionality beyond a reasonable doubt" (*Elmwood-Utica Houses v Buffalo Sewer Auth.*, 65 NY2d 489, 495). Since we find that petitioner has failed to rebut the presumption of constitutionality, we affirm Supreme Court's judgment.

Petitioner's argument that since its sewer rent as a category H property is based predominantly on assessed valuation, and thus violates General Municipal Law article 14-F, is unpersuasive. General Municipal Law § 451 (1) allows municipalities to

impose sewer rents based on consumption of water on the premises, the number and kind of plumbing fixtures on the premises, the number of persons served on the premises, the volume and character of sewage discharged at the premises, and "upon any other equitable basis determined by the local legislative body, including but not limited to any combination of the foregoing" (General Municipal Law § 451 [1] [e]). The test is whether the local law under scrutiny "reflect[s] [a] reasonable and nonarbitrary interpretation of the statute" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 59; *see, Arcuri v Village of Remsen*, 202 AD2d 991, 933).

The 1992 law does not simply compute sewer rents on the basis of assessed valuation, as urged by petitioner, but even if it did, there would still be the required "equitable basis" where, as here, the exact usage of each unit cannot be determined with mathematical certainty (*see, Watergate II Apts. v Buffalo Sewer Auth.*, *supra*, at 61). The record clearly establishes the inability of the District to calculate precise individual usage in the absence of individual meters and the presence of the inflow and infiltration problems caused by the age of the system which are unrelated to any actual consumption of services. Further, employing assessed valuation as a basis for the assignment of additional rent and debt points for commercial buildings is neither unreasonable nor arbitrary given the nexus between a higher assessed valuation and the number of people served within the commercial unit and the corresponding amount of sewage created (*see, id.*, at 60-61). When sewer usage is incapable of calculation with exactitude, discrepancy in charges between various properties within the District may be tolerated so long as a rational basis exists with respect to the rents assessed (*see, Matter of Hull v Town of Warrensburg*, 207 AD2d 37, 39-40). Thus, the fact that category H is the only one subject to a surcharge based on a threshold assessed valuation or that the actual sewage rent assessment may conceivably exceed the actual sewage usage does not, on this record, demonstrate that the 1992 law does not have an "equitable basis." Petitioner has also failed to show "such flagrant and palpable inequality between the burden imposed and the benefit received, as to amount to the arbitrary taking of property without compensation" (*Dane v Jackson*, 256 US 589, 599).

Likewise, we find no merit to petitioner's equal protection claim. Since the 1992 law and its progeny do not involve a "fundamental interest" or "suspect" classification (as petitioner concedes), in order to pass constitutional muster it must only have a rational basis (*see, Elmwood-Utica Houses v Buffalo*

*Sewer Auth.*, 65 NY2d 489, 495-496, *supra*). Since, as previously noted, the assignment of sewer rents has a rational basis, the fact that the scheme does not create " '[e]xact congruence between the cost of the services provided and the rates charged to particular customers' " (*Matter of Hull v Town of Warrensburg, supra*, at 39, quoting *Watergate II Apts. v Buffalo Sewer Auth., supra*, at 59) does not violate the requirement of equal protection as urged by petitioner.

Mercure, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.