■ In the Matter of SHAWN REZEK et al., Appellants, v VILLAGE OF RICHMONDVILLE et al., Respondents. [806 NYS2d 772]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered January 5, 2005 in Schoharie County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Village of Richmondville denying petitioners' request for a reduction in water and sewer charges.

Respondent Village of Richmondville enacted Local Law No. 3 (2001) of the Village of Richmondville which, as herein applicable, imposed water and sewer charges on the owners of property on the basis of the number of businesses located on that property. Petitioners' single building houses a one-stall car wash, a liquor store and a laundromat. Pursuant to its Local Law, the Village imposed sewer and water charges on the basis of three units. After petitioners were unable to negotiate a reduction to one unit, they instituted this CPLR article 78 proceeding assert-

ing, first, that the Local Law was in violation of General Municipal Law § 452 and, second, that the application of three unit charges to petitioners' property was arbitrary, capricious and unlawful. Supreme Court converted petitioners' challenge to the Local Law's legality into a declaratory judgment action, which it dismissed after finding that the Local Law was reasonable, rational and in compliance with the General Municipal Law. Further, Supreme Court rejected petitioners' argument that the Village's determination was arbitrary and capricious because the Local Law did not define the term "separate business." Petitioners appeal from the judgment dismissing their petition.

Petitioners argue that the Local Law violates General Municipal Law § 452 (5) (b) because it does not sufficiently describe the basis on which the Village may charge water and sewer rents and, thus, allows the Village to charge property owners unequally. Generally, villages may impose water and sewer rents that are rationally related to the use of such services (*see* General Municipal Law § 451 [1]; Village Law § 11-1118; *Matter of Hull v Town of Warrensburg*, 207 AD2d 37, 40 [1994]; *Kinkead v Village of Round Lake*, 187 AD2d 905, 906 [1992]). Pursuant to General Municipal Law § 451 (1), sewer rents may be based on the consumption of water, the number of persons served on the premises, the volume of sewage and "upon any other equitable basis determined by the local legislative body." Further, section 452 (5) (b) provides that the local law establishing sewer rents "[s]hall prescribe the basis of the charge for such rents." With regard to water rents, "[a] water supplier may properly distinguish between users based upon usage and cost of delivery so long as rates are uniform for all members of a class" (*Matter of Town of Watertown Water Dist. No. 2 v State of N.Y. Dept. of Envtl. Conservation*, 176 AD2d 1166, 1167-1168 [1991]; *see also Heritage Co. of Massena v Village of Massena*, 192 AD2d 1039, 1040 [1993]).

Moreover, when "usage is incapable of calculation with exactitude, discrepancy in charges between various properties . . . may be tolerated so long as a rational basis exists with respect to the rents assessed" (*Matter of Frontier Ins. Co. v Town Bd. of Town of Thompson*, 285 AD2d 953, 956 [2001]). Thus, "a rational basis, rather than mathematical certainty, is all that is required" (*Matter of Hull v Town of Warrensburg, supra* at 40; *see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 59 [1978]; *Arcuri v Village of Remsen*, 202 AD2d 991, 993 [1994]). Application of these principles results in our agreement with Supreme Court that the Local Law is valid because it rationally

imposes rents based on usage. For the same reasons, petitioners' assertion that the Local Law violates General Municipal Law § 452 (5) (b) because it fails to define "separate business" also lacks merit (*see Arcuri v Village of Remsen, supra* at 993; *see also Renley Dev. Co. v Town Bd. of Town of Kirkwood*, 106 AD2d 717, 719 [1984]).

We are further unpersuaded by petitioners' argument that the Village's decision to charge their single business unit as three separate units was arbitrary, capricious and unlawful. First, we find no record support for petitioners' assertion that the Village acted out of animosity that village officials allegedly harbored toward them. Neither are we persuaded by the unsupported assertion that because the Village holds a monopoly on water and sewer services, it should be held to some standard higher than a rational basis. The Village's assessment of three rent charges against petitioners was not arbitrary or made in violation of lawful procedure (*see* CPLR 7803 [3]; *Matter of Hull v Town of Warrensburg, supra* at 40-41). Moreover, the Village presented evidence that it was charging similarly situated owners with multiple rents based on the number of businesses on their property.

Finally, contrary to petitioners' assertion, *Weiskopf v City of Saratoga Springs* (269 NY 634, 635 [1936]) does not require a hearing in this matter. In that case, the Court of Appeals determined that the constitutionality of regulations could not be determined on the pleadings alone. Here, in contrast, petitioners do not challenge the constitutionality of the Local Law (*see Pullen v City of Oswego*, 252 AD2d 959, 960 [1998]).

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by declaring that Local Law No. 3 (2001) of the Village of Richmondville does not violate the General Municipal Law and, as so modified, affirmed.