*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014                 518127
_____

YNGH, LLC,
                        Appellant,

            v                                MEMORANDUM AND ORDER

VILLAGE OF GOUVERNEUR,
                        Respondent.
_____

Calendar Date:  September 9, 2014

Before:  Lahtinen, J.P., Rose, Egan Jr., Lynch and Clark, JJ.

_____

        The Mills Law Firm, LLP, Clifton Park (Christopher K. Mills
of counsel), for appellant.

        Case & Leader, LLP, Gouverneur (Henry J. Leader of
counsel), for respondent.

_____

Clark, J.

        Appeal from an order of the Supreme Court (Demarest, J.),
entered February 28, 2013 in St. Lawrence County, which, among
other things, granted defendant's cross motion for summary
judgment dismissing the complaint.

        In December 2006, plaintiff purchased a 41-unit housing
development in the Village of Gouverneur, St. Lawrence County.
Prior to the purchase, plaintiff entered into an agreement with
defendant and the County to forgive certain water and sewer rent
arrears on the property and to also delay future billing of same.
Plaintiff thereafter commenced this action challenging the
propriety of defendant's enactment and assessment of such rents.
After joinder of issue, plaintiff moved for summary judgment on
the six causes of action in its complaint and defendant cross-

moved for summary judgment dismissing the complaint in its entirety. Supreme Court denied plaintiff's motion and granted defendant's cross motion. Plaintiff now appeals.

The record reveals that, in 1997, defendant's Board of Trustees enacted and filed Local Law No. 5 (1997) of the Village of Gouverneur (hereinafter Local Law No. 5), establishing a user charge system for defendant's water system. As relevant herein, the law repealed Local Law No. 4 (1993) of the Village of Gouverneur and stated that "[defendant] does hereby establish and impose a scale of water rents for the services rendered by the water system to the real property connected and served by the water system upon the basis of one unit of water rent for each three months of use of the water system. . . . [Defendant's] Board [of Trustees] shall make such revisions or additions to said charges as said Board shall hereafter determine by resolution and a list of these fees, revisions and additions thereto shall be maintained by [defendant's] Clerk for the public's inspection" (Local Law No. 5 [1997] of the Village of Gouverneur, art III, § 1). Among other things, Local Law No. 5 contains a classification schedule assigning between one and six units to different types of property and assigns an "initial rate per unit" for water users inside defendant's incorporated limits and a separate rate for users outside these limits (Local Law No. 5 [1997] of the Village of Gouverneur, art III, § 2).

Also in 1997, defendant's Board of Trustees enacted and filed Local Law No. 4 (1997) of the Village of Gouverneur (hereinafter Local Law No. 4), amending Local Law No. 3 (1985) of the Village of Gouverneur, by modifying the scale of sewer rents (Local Law No. 4 [1997] of the Village of Gouverneur). This law provides that "[t]he value of one unit of sewer rent shall be determined annually by [defendant's] Board [of Trustees]" and, similar to the provisions of Local Law No. 5, gives the Board of Trustees the power to "make such revisions or additions to the 'new sewer connection' charge by resolution with a list of said fees to be filed with and maintained by [defendant's] Clerk" (Local Law No. 4 [1997] of the Village of Gouverneur, art III, §§ 1, 4).

Plaintiff first argues that the increase in defendant's water and sewer rates was improper to the extent that defendant did not adhere to the proper notice and hearing provisions set forth in Village Law § 20-2000, Municipal Home Rule Law § 20 and General Municipal Law § 452. For its part, defendant contends that, on account of the self-executing language of the local statutes at issue, no notice or public hearing was required and that, in any event, any applicable notice requirements were satisfied.

Initially, we agree with plaintiff that, inasmuch as Local Law Nos. 4 and 5 appear on their face to be self-executing (see Matter of Jewett v Luau-Nyack Corp., 31 NY2d 298, 303-306 [1972]), hearing and notice requirements nonetheless apply. This is so because the local laws at issue neither substantially adhere to state law (see Village Law § 20-2000; General Municipal Law § 452) nor specify an intent to change or supercede the requirements of said laws (see Municipal Home Rule Law § 22; see e.g. Turnpike Woods v Town of Stony Point, 70 NY2d 735, 738 [1987]). As such, they remain subject to the notice requirements of state law.

In any event, we nonetheless find that Supreme Court properly determined that adequate notice had been provided. In determining the adequacy of public notice required for the enactment of a local law, a court may look at whether or not such notice is "deceptive, misleading [or] framed to give a false concept of the text or intent of the local law" (Garlen v City of Glens Falls, 17 AD2d 277, 278 [1962], affd 12 NY2d 1025 [1963]). "Although technical compliance with the [notice requirements of Municipal Home Rule Law § 20] is not essential to the validity of a municipal enactment[, where] the noncompliance . . . goes to the substance of those provisions and thwarts their legislative purpose," the resulting law may be invalid (41 Kew Gardens Rd. Assoc. v Tyburski, 124 AD2d 553, 554 [1986], lv denied 68 NY2d 612 [1986] [citations omitted]).

Defendant historically modifies its water and sewer rates

as part of its annual budget review process.[1]  In this regard, each spring, defendant publishes a notice in the Gouverneur Tribune stating that a budget hearing will be held.[2]  While the published notice only sets forth the details of the hearing, attendees are given copies of the budget which, if applicable, indicates any increases.  Moreover, copies of defendant's tentative budget are made available for public inspection in advance of the hearing.  While the better practice may be for defendant to specifically include proposed water and sewer rate changes in its published notice, under these circumstances, we agree with Supreme Court that the lack of specificity does not render the notice provided insufficient.  Thus, we find that the court correctly dismissed plaintiff's causes of action that sought to invalidate the water and sewer rates and the corresponding increases as set out in Local Law Nos. 4 and 5.

Likewise, Supreme Court properly dismissed plaintiff's equal protection challenge that it was overcharged by defendant for water services.  Where a party alleges an equal protection violation in the form of discriminatory enforcement of a local law, that party must bear the heavy burden of showing conscious, intentional discrimination, and "[t]he conscious exercise of some selectivity in enforcement of the law is not in itself a constitutional violation" (People v Goodman, 31 NY2d 262, 268 [1972]).  Plaintiff has not met that burden here.

When setting sewer or water rates based on a user unit system where a municipality can only approximate customer usage, the municipality is not required to establish "'exact congruence between the cost of the services provided and the rates charged'" (Matter of Hull v Town of Warrensburg, 207 AD2d 37, 39 [1994], quoting Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 59 [1978]).  Rather, while such rates must be rational, discrepancies and disproportionate costs to certain properties

---

[1]  Since 1997, the water and sewer rates have only been increased a handful of times.

[2]  Plaintiff's principal, Peter Hoffman, began subscribing to the Gouverneur Tribune in 2006.

are permitted in the interest of administrative flexibility (see Matter of Rezek v Village of Richmondville, 24 AD3d 1169, 1170-1171 [2005]; Matter of Hull v Town of Warrensburg, 207 AD2d at 39-40).

The record before us demonstrates that, although multiunit buildings constructed after April 2006 are required to have one water meter for each separate apartment, pursuant to an amendment to Local Law No. 5, buildings built prior to this date may have only one water meter despite containing multiple apartments. Further, the number of billing units assigned to each building corresponds not to the number of apartment units that the building contains, but rather to the number of water meters in the building — i.e., one billing unit to one meter. Plaintiff's apartment complex was built with one meter per apartment and was previously billed subject to the payment in lieu of taxes agreement between plaintiff's predecessor in title and defendant; an agreement which was not carried over to plaintiff. Barbara Finnie, defendant's Deputy Treasurer, admitted in her deposition that, based upon the user-unit system as it exists, plaintiff does pay more for its water than certain other customers. However, officers for defendant provided further deposition testimony explaining that, while there are buildings within defendant's geographical limits that are either unmetered or do not have a separate meter for each apartment, it is not financially feasible for defendant to fund the installation of new meters so as to establish parity with plaintiff's property. Further, the deposition testimony of Dorothy Vorce, defendant's former Mayor, demonstrates that defendant maintains separate water and sewer funds in its budget and that the applicable rates are based on funding the operation of these systems, as well as paying capital debts. Vorce further stated that defendant does not budget for a significant reserve for either of these funds, and the only source of revenue for water and sewer operations is the rents charged to customers. Thus, we agree with Supreme Court that the underpinnings of Local Law No. 5 are rational and the user unit system as applied to plaintiff's property does not violate the Equal Protection Clause of the NY or US Constitutions (see Silkman v Board of Water Commrs. of City of Yonkers, 152 NY 327, 332 [1897]; Matter of Rezek v Village of Richmondville, 24 AD3d at 1170-1171; Matter of Hull v Town of Warrensburg, 207 AD2d

at 39-41; <u>Kinkead v Village of Round Lake</u>, 187 AD2d 905, 906 [1992]).

However, we disagree with Supreme Court that summary judgment was appropriate with respect to plaintiff's causes of action alleging breach of contract.  While it is undisputed that the parties entered into an agreement to withhold water and sewer billing until February 2007, the record contains insufficient proof to adequately demonstrate whether such an agreement had been breached.  Thus, neither party met their burden of demonstrating a prima facie entitlement to summary judgment on either the fourth or fifth causes of action.

Lahtinen, J.P., Rose, Egan Jr. and Lynch, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion dismissing the fourth and fifth causes of action; cross motion denied to that extent; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court