Matter of Vaughan v New York State Dept. of Transp. (2024 NY Slip Op 00106)

Matter of Vaughan v New York State Dept. of Transp.

2024 NY Slip Op 00106

Decided on January 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 11, 2024

536098
[*1]In the Matter of Raymond C. Vaughan, Appellant,
v
New York State Department of Transportation et al., Respondents.

Calendar Date:November 15, 2023

Before:Lynch, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Raymond C. Vaughan, Buffalo, appellant pro se.
Letitia James, Attorney General, Albany (Nicholas C. Buttino of counsel), for respondents.

Lynch, J.P.
Appeal from an order of the Supreme Court (Richard J. McNally Jr., J.), entered June 17, 2022 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied petitioner's motion for leave to renew and, upon reargument, adhered to its prior decision.
In 2019, then-Governor Andrew M. Cuomo, in coordination with the Empire State Development Corporation, announced a design competition that challenged contestants to submit plans for the redevelopment of an elevated section of State Route 5 near the waterfront in the City of Buffalo, Erie County (hereinafter the Skyway). To encourage submissions, the competition offered cash prizes to the top three proposals, but advised that the State had "no obligation . . . to implement or construct any aspect of any submission[s] in response to th[e] [c]ompetition." Petitioner, a resident of the City of Buffalo, submitted a proposal that called for the preservation of the Skyway as an elevated park. Although petitioner's plan was selected as a finalist, it was ultimately not chosen as one of the top three entries.[FN1]
On December 20, 2019, the Federal Highway Administration and the US Department of Transportation published a notice in the Federal Register advising that, in accordance with the National Environmental Policy Act (hereinafter NEPA), an environmental impact statement (hereinafter EIS) was being prepared regarding a "proposal to remove the Buffalo Skyway bridge and its approaches, including portions of . . . Route 5 along the Outer Harbor." The notice explained that, "[i]n recent years, the Buffalo Inner and Outer Harbors ha[d] undergone substantial redevelopment with recreational/mixed-use improvements" and the Skyway bridge presented a "physical and visual barrier to continued development within this area," necessitating its removal "to accommodate existing and planned recreational, mixed-use, and waterfront development." The notice further advised that "[a] reasonable range of alternatives is
. . . being considered and will be evaluated during the NEPA scoping process."
In January 2020, respondent New York State Department of Transportation (hereinafter DOT) held public meetings on scoping for the forthcoming EIS and provided a public comment period. Petitioner submitted written comments that, among other things, indicated his opposition to the Skyway's removal. In August 2020, DOT, in cooperation with the Federal Highway Administration, issued a project scoping report "to provide an overview and record of the NEPA scoping process," specifying an objective to remove the Skyway structure.
Petitioner commenced this CPLR article 78 proceeding seeking, among other things, vacatur of the project scoping report and an order enjoining the Skyway project as contemplated by DOT. Petitioner alleged that the scoping report was arbitrary and capricious and failed to comply with NEPA and the State Environmental Quality Review Act (see ECL art 8). Supreme Court granted respondents' pre-answer motion to [*2]dismiss the petition for lack of standing and also found that the proceeding was unripe for judicial review.
Petitioner moved for leave to renew and reargue his opposition to respondents' motion, arguing that information he had obtained through a Freedom of Information Law (see Public Officers Law art 6) request revealed that the environmental review process regarding the Skyway removal project was improper because DOT violated the NY Constitution by incorporating NEPA by reference in its environmental review regulation without filing the federal law with the Department of State (see NY Constitution, art IV, § 8; New York State Coalition of Pub. Empls. v New York State Dept. of Labor, 60 NY2d 789, 790-791 [1983]). He also submitted an affidavit from Lynda Schneekloth, a retired college professor and environmental activist, to support his claim of standing. By order entered June 17, 2022, Supreme Court denied petitioner's motion for renewal and, upon reargument, adhered to its prior decision. Petitioner appeals.
We affirm. Petitioner limits his challenge to the portion of Supreme Court's order denying his motion for renewal. As such, our analysis is confined to the standard governing such motions.[FN2] A motion to renew must be "based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). A renewal motion "is not a second chance to remedy inadequacies that occurred in failing to exercise due diligence in the first instance, and the denial of a motion to renew will be disturbed only where it constituted an abuse of the trial court's discretion" (Wright v State of New York, 192 AD3d 1277, 1278 [3d Dept 2021] [internal quotation marks and citations omitted]).
Petitioner's constitutional claim was not raised in his petition and is thus unpreserved for our review (see Matter of Puig v New York State Police, 212 AD3d 1025, 1026 n [3d Dept 2023]; Meadow E. Assoc. LP v Village of Potsdam, 211 AD3d 1373, 1378 [3d Dept 2022]). In any event, this new constitutional claim was also unripe for judicial review and, thus, would not change Supreme Court's prior determination that petitioner's challenge to the scoping report was premature (see CPLR 2221 [e] [2]; Matter of Adirondacks Council Inc. v Adirondack Park Agency, 92 AD3d 188, 190-191 [3d Dept 2012]; Central Delta Water Agency v United States Fish & Wildlife Serv., 653 F Supp 2d 1066, 1086 [ED Cal 2009]; Muhly v Espy, 877 F Supp 294, 300 [WD Va 1995]). As for the additional evidence regarding standing, Schneekloth's affidavit claimed that she had known petitioner for approximately 30 years and that he "has a longstanding appreciation of, and respect for, the Buffalo waterfront and whether . . . it will be restored or redeveloped to best serve public . . . and ecological purposes" and a "deep and longstanding 'stake' in the Buffalo waterfront [*3]and its component parts," including the Skyway. As noted by Supreme Court, the Schneekloth affidavit is essentially a recapitulation of the standing argument petitioner advanced in his papers opposing respondents' motion to dismiss and does not change the standing analysis (see Matter of Hohman v Town of Poestenkill, 179 AD3d 1172, 1173 [3d Dept 2020]; Matter of Citizens Emergency Comm. to Preserve Preserv. v Tierney, 70 AD3d 576, 577 [1st Dept 2010], lv denied 15 NY3d 710 [2010]). Accordingly, Supreme Court did not abuse its discretion in denying petitioner's motion.
Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Petitioner acknowledges in his brief that the design competition was separate from the Skyway's scoping process challenged in this proceeding.

Footnote 2: Even if we were to apply the reargument standard, it would not change our analysis.