In the Matter of ALBERT M. ROSENBLATT, as Chief Administrative Judge of the Unified Court System of the State of New York, Appellant, v HAROLD R. NEWMAN et al., Individually and as Members of the Public Employment Relations Board of the State of New York, et al., Respondents. (And Another Related Proceeding.)

Third Department, November 1, 1990

118

APPEARANCES OF COUNSEL

*Michael Colodner (Patricia P. Satterfield* of counsel), for appellant.

*Schlachter & Mauro (David Schlachter* of counsel), for Suffolk County Court Employees Association, Inc., appellant.

*John M. Crotty* for Harold R. Newman and others, respondents.

*Nancy Hoffman (Jerome Lefkowitz* of counsel), for Civil Service Employees Association, Inc., respondent.

OPINION OF THE COURT

YESAWICH, JR., J.

Effective April 1, 1977, the State assumed responsibility for the cost of operating the Unified Court System (Judiciary Law § 220, as added by L 1976, ch 966, § 2). Those nonjudicial court employees formerly paid by local governments thereafter became employees of the State. Transfer of those employees to

the State payroll was accomplished by the Uniform Court Budget Act of 1976, now codified as Judiciary Law § 39. That statute contains transitional provisions aimed at preserving the rights of locally paid employees upon their transfer to the State payroll. Included in this legislation, and the subject of this litigation, is subdivision (7) of Judiciary Law § 39, which provides that: "Upon the termination of the period of unchallenged representation of any employee organization certified or recognized to represent employees of the courts or court related agencies of the unified court system, petitions may be filed with the public employment relations board to alter negotiating units in accordance with the standards set forth in section two hundred seven of the civil service law; provided, however, that such board shall not alter any such negotiating unit comprised exclusively of such employees or that part of any other negotiating unit comprised of such employees. The provisions of this subdivision shall be applicable in any case in which the negotiating unit is so defined on the effective date of this subdivision in accordance with the provisions of either section two hundred seven or section two hundred twelve of the civil service law, as the case may be. Nothing herein shall preclude the merger of negotiating units of such employees with the consent of the administrative board of the judicial conference and the recognized or certified representatives of the negotiating units involved."

Petitioner Suffolk County Court Employees Association, Inc. and intervenor Court Officers Benevolent Association of Nassau County, Inc. (hereinafter, together with petitioner Chief Administrator of the Courts of the Unified Court System, collectively referred to as petitioners), filed petitions seeking to substitute themselves in place of respondent Civil Service Employees Association, Local 1000, AFSCME, AFL-CIO (hereinafter CSEA) as the authorized representatives of the existing negotiating units of nonjudicial court employees located in Suffolk and Nassau Counties. They sought to establish one unit in each of their respective counties which would contain all nonjudicial titles within that county, excluding the Court of Claims and Appellate Division employees. Their proposal was endorsed by the Chief Administrator but opposed by CSEA. Respondent Public Employment Relations Board (hereinafter PERB) affirmed its Director of Public Employment Practices and Representation's determination that Judiciary Law § 39 (7) permanently prohibits it from making any nonconsensual changes to the negotiating units of these employ-

ees. Supreme Court's dismissal of petitioners' subsequent applications to annul PERB's order spurred this appeal.

■ What is presented is an issue of pure statutory interpretation: whether Judiciary Law § 39 (7) permanently prevents PERB from varying existing negotiating units comprised exclusively of nonjudicial court and court-related agency employees without the consent of all affected parties. Although PERB has, as it maintains, broad power to construe provisions of the Taylor Law *(see,* Civil Service Law § 201 *et seq.),* the statutory provision PERB interpreted here is part of the Judiciary Law. Because it has no special expertise in this area, PERB's interpretation is not entitled to any more deference than that which would ordinarily be accorded an administrative agency's determination *(see, Matter of Evans v Newman,* 100 Misc 2d 207, 209-210, *affd* 71 AD2d 240, *affd* 49 NY2d 904).

■ That observation aside, we subscribe to PERB's interpretation. Suffolk County Court Employees Association and Court Officers Benevolent Association of Nassau County contend that because the Uniform Court Budget Act was enacted to assist in transferring locally paid nonjudicial court employees to the State payroll, the prohibition in Judiciary Law § 39 (7) does not apply to the CSEA-represented State Judiciary negotiation unit, for it consists of only those employees who held State-paid nonjudicial positions before April 1, 1977 and those who obtained similar positions after that date. The provisions in subdivision (7), however, were specifically made "applicable in *any* case in which the negotiating unit is so defined on the [subdivision's] effective date" (Judiciary Law § 39 [7] [emphasis supplied]). As "any" means every or all *(see, Shilbury v Board of Supervisors,* 54 Misc 2d 979, 982; *see also, Randall v Bailey,* 288 NY 280, 285), and there is no dispute that the unit in question was defined by that date, we find the argument above unjustified. Nor is the State Judiciary unit exempt from this provision, as the Chief Administrator urges, because it experienced de minimis classification changes: the accretion of newly created titles to the unit, the exclusion therefrom of managerial and confidential personnel, as required by Civil Service Law § 201 (7), and a consensual trade of similarly titled employees among three New York City local unions within the State Judiciary unit. None of these changes altered the basic character of the unit *(see,* Civil Service Law § 207 [1] [a]).

■ While all parties agree that Judiciary Law § 39 (7) precludes PERB from modifying existing bargaining units,

they disagree as to the duration of this prohibition. The Chief Administrator claims that the proviso in the first sentence of the subdivision is inconsistent with the phrase immediately following it. Relying upon principles of statutory construction, he asserts that the two can be harmonized only if the proscription is deemed temporary. Therefore, he concludes that the Legislature intended the prohibition on PERB's power to expire after a union representing the prior locally paid court employees had enjoyed one period of unchallenged representation from the date the State assumed financial responsibility for these employees. There is, however, no support in the statute for the conclusion that the prohibition is impermanent *(cf.,* Judiciary Law § 39 [6] [a]). An express temporal limitation lacking, permanency is contemplated *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 33).

Not surprisingly, the remaining parties argue that the prohibition is long lasting. They suggest that the Legislature enacted the statute for two purposes: first, to provide a mechanism for fragmenting those units made up of nonjudicial court employees and other employees of the political subdivision, and second, to maintain, absent consent by the interested parties, those units made up exclusively of nonjudicial court employees. They maintain that the apparently inconsistent language merely permits negotiating units comprised exclusively of nonjudicial court employees to consent to PERB's jurisdiction or to enable those units to define more appropriate negotiating units without PERB's assistance. As this interpretation of the statute is most certainly both tenable and reasonable, we adopt it.

KANE, J. P., CASEY, MIKOLL and MERCURE, JJ., concur.

Judgment affirmed, without costs.