OPINION OF THE COURT
 

 Per Curiam.
 

 Respondent Pearl Leather Finishers is a leather finishing and painting business located in the City of Johnstown. Pursuant to General Municipal Law § 452, the City of Johnstown has enacted a sewer use law, which is contained at article 17 of the Johnstown City Code. Johnstown’s sewer use law requires that each significant industrial user and each major contributing industry obtain an industrial wastewater discharge permit from the appellant Gloversville-Johnstown Joint Sewer Board. Effective November 25, 1985, the respondent, a major contributing industry as defined at section 17-201 (23) of the City Code, was granted a permit to discharge industrial wastewater into the public sewers served by the Gloversville-Johnstown Jointly Owned Wastewater Treatment Facility.
 

 Respondent disputed the sewer rents assessed by the appellant Sewer Board and did not pay its sewer use bills for the period between August 1986 until November 1987. Respondent was served with a notice of violation and after a hearing, the Sewer Board determined that respondent owed $8,388.05 in sewer rents. The Sewer Board ordered payment within 14 days or else respondent’s discharge permit would be revoked. Respondent commenced this CPLR article 78 proceeding challenging the Sewer Board’s determination.
 

 The Appellate Division, based on its review of the record, concluded that there was a rational basis for the Sewer Board’s calculation of sewer rents due from respondent. The court agreed with respondent, however, that the Sewer Board lacked the authority to revoke its discharge permit. The Sewer Board appealed from that portion of the Appellate Division’s judgment, and we granted leave to appeal to consider whether
 
 *432
 
 the Sewer Board possessed the power to revoke the discharge permit.
 

 While General City Law § 20 (26-a) authorizes cities to establish and impose sewer rents, this must be undertaken in accordance with article 14-F of the General Municipal Law. Section 452 (4) lists several ways in which a locality can recover unpaid sewer rents. The local legislative body may maintain an action "as upon contract for sewer rents in arrears, including penalties and interest” or may "foreclose liens for such sewer rents” (§ 452 [4] [a], [b]). Alternatively, the local legislative body may draw up an annual statement showing the properties in arrears, which statement "shall be presented to the board or body empowered to levy city, county or town taxes * * * [and] [s]uch board or body shall levy the amounts contained in such statement against the real property liable at the same time and in the same manner as city, county or town taxes * * * [and] [t]he amounts so levied shall be collected and enforced in the same manner and at the same time as may be provided by law for the collection and enforcement of city, county or town taxes” (§ 452 [4]).
 

 This statute speaks directly to the problem of recovering past due sewer rents and gives localities the authority to pursue three different options. In our opinion, given the explicit nature of these remedies, the power of revocation must be deemed to have been excluded
 
 (see generally,
 
 McKinney’s Cons Laws of NY, Book 1, Statutes § 240). Thus, the Appellate Division was correct in holding that the Sewer Board’s authority was derived from a statutory scheme that does not permit revocation as a method of collecting unpaid sewer rents and that the Board’s revocation of respondent’s discharge permit should therefore be annulled.
 

 Finally, we also agree with the Appellate Division that the term "penalties” as used in the statute refers to monetary penalties, and that, consequently, General Municipal Law § 452 (5) (d), which states that local sewer laws "[m]ay provide for penalties for sewer rents in arrears,” does not give the Sewer Board the authority to revoke discharge permits.
 

 Accordingly, the judgment of the Appellate Division should be affirmed, with costs.
 

 
 *433
 
 Chief Judge Wachtler and Judges Kaye, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion; Judge Simons taking no part.
 

 Judgment affirmed, with costs.