■ In the Matter of TOWN OF OHIO, Appellant, v NEW YORK STATE OFFICE OF REAL PROPERTY SERVICES et al., Respondents. [661 NYS2d 90] —Carpinello, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered April 4, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as time barred.

For its 1991 assessment roll, petitioner revalued all of its

---

* Instead of filing a brief, Feringa has adopted plaintiffs' arguments.

real property to establish a uniform percentage of value at which it would be assessed. This assessment roll was used to calculate school taxes for the 1991-1992 school year. Petitioner selected a "uniform" percentage rate of 10% of full value although State land situated within its borders continued to be assessed for tax purposes at a rate of 18.62% of full value.

In 1992, the RPTL was amended to require municipalities that had revalued real property on or after January 1, 1991 to value State land as if it were privately owned and to assess it at the same uniform percentage of value as other real property (see, RPTL 542 [1] [b]). Because State land accounted for approximately one half of petitioner's taxable property, it was projected that this decrease would significantly impact its tax revenues. Respondent Office of Real Property Services (hereinafter ORPS) concluded that the change in the assessment of State land for 1991 created a material change in the level of assessment and, therefore, established a special equalization rate for petitioner for the school tax year 1992-1993 which rate was adopted on November 25, 1992.

Following ORPS' July 3, 1995 denial of petitioner's letter request to correct the special equalization rate, petitioner commenced this CPLR article 78 proceeding against ORPS and respondents Poland Central School District, Remsen Central School District and Adirondack Central School District (school districts within its borders) seeking, inter alia, to annul the special equalization rate. Supreme Court granted respondents' motion to dismiss the petition as time barred, prompting this appeal.

We agree with Supreme Court that this proceeding was not timely commenced. Petitioner has failed to demonstrate that ORPS acted without or in excess of the statutory authority vested in it to establish and implement special equalization rates (see, RPTL 1222) or that the four-month Statute of Limitations would not otherwise apply (see, Matter of Foy v Schechter, 1 NY2d 604, 612). Although petitioner correctly asserts that RPTL 1222 was amended to exclude references to State lands (see, L 1992, ch 610, § 4), thereby divesting ORPS of the statutory authority to establish special equalization rates based on taxable State land assessments, this amendment applied only "to assessment rolls completed and filed on or after June 1, 1992" (L 1992, ch 610, § 7). Accordingly, petitioner's assessment roll, completed and filed in 1991, was not governed by the amendment. Thus, ORPS acted within its statutory authority in establishing the special equalization rate. To the extent that petitioner attempts to argue that ORPS

was acting in response to changes in the 1992 assessment roll, this argument relies on materials dehors the record and for that reason is rejected.

Petitioner's contention that ORPS acted in excess of its jurisdiction in determining that a material change in the level of assessment had occurred—in an obvious but unsuccessful attempt to avoid respondents' Statute of Limitations defense—is similarly rejected. Under the circumstances, because petitioner did not commence the proceeding until nearly three years after the special equalization rate "became final and binding" (CPLR 217), the proceeding was properly dismissed as time barred.

Cardona, P. J., Mercure and White, JJ., concur. Ordered that the judgment is affirmed, with costs.