■ MARY ANN STEVENS et al., Individually and on Behalf of All Others Similarly Situated, Appellants, v AMERICAN WATER SERVICES, INC., Formerly Known as AMERICAN ANGLIAN ENVIRONMENTAL TECHNOLOGIES, L.P., et al., Respondents. (Appeal No. 1.) [820 NYS2d 824]—Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered May 25, 2005. The order granted defendants' motions to dismiss the complaint.

■ MARY ANN STEVENS et al., Individually and on Behalf of All Others Similarly Situated, Appellants, v AMERICAN WATER SERVICES, INC., Formerly Known as AMERICAN ANGLIAN ENVIRONMENTAL TECHNOLOGIES, L.P., et al., Respondents. (Appeal No. 3.) [823 NYS2d 639]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered June 1, 2005. The judgment was entered upon an order granting defendants' motions to dismiss the complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this class action challenging the authority of defendants Buffalo Water Board (Water Board) and Buffalo Sewer Authority (Sewer Authority) to impose 21% surcharges on past due accounts of their water and sewer customers. Plaintiffs alleged, inter alia, that defendants were unjustly enriched by receipt of the surcharges and violated General Business Law § 349, and they sought actual damages and injunctive relief. Supreme Court properly dismissed the complaint as time-barred under the four-month statute of limitations for CPLR article 78 proceedings. A CPLR article 78 proceeding is the appropriate procedural vehicle by which to challenge the agreements at issue, i.e., those between the Water Board and Sewer Authority and defendant American Water Services, Inc., formerly known as American Anglian Environmental Technologies, L.P. (*see generally Matter of Pearl Leather Finishers v Gloversville-Johnstown Joint Sewer Bd.*, 79 NY2d 430 [1992]; *Matter of Fawcett v City of Buffalo*, 275 AD2d 954 [2000], *lv denied* 96 NY2d 701 [2001]). Although plaintiffs seek monetary damages, the primary relief they seek is a judgment enjoining the Water Board and Sewer Authority from collecting the surcharges (*see Matter of Gross v Perales*, 72 NY2d 231, 235-236 [1988]).

Plaintiffs contend that the Water Board and Sewer Authority acted in excess of their power or jurisdiction and without statutory authority, and thus that CPLR article 78 is not applicable. Plaintiffs rely on *Matter of Foy v Schechter* (1 NY2d 604, 612 [1956]), in which the Court held that the determination of an administrative board or agency is "void and subject to collateral attack where it is made either without statutory power or in excess thereof" (*see also Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 8-10 [1997]; *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52 [1978]). On the other hand, if the

administrative board or agency had the authority to act, but exercised that authority arbitrarily, then a CPLR article 78 proceeding is appropriate (*see Foy*, 1 NY2d at 612).

In determining whether the Water Board and Sewer Authority acted within their authority in imposing the surcharges, we must examine the pertinent statutes (*see Abiele*, 91 NY2d at 10-11), and our review of those statutes establishes that they indeed acted within their authority (*see Matter of Town of Ohio v New York State Off. of Real Prop. Servs.*, 241 AD2d 878 [1997], *lv denied* 91 NY2d 801 [1997]). The Water Board is required to "establish, fix and revise, from time to time, fees, rates, rents or other charges" (Public Authorities Law § 1048-j [1]). Likewise, the Sewer Authority "is authorized to establish a schedule of rates, rentals or charges" (§ 1180). Thus, the issue here is not whether the Water Board and Sewer Authority acted in excess of their power or jurisdiction and without statutory authority but, rather, the issue is whether the determinations of the Water Board and Sewer Authority were "made in violation of lawful procedure, w[ere] affected by an error of law or w[ere] arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]). The four-month statute of limitations applicable to CPLR article 78 proceedings therefore governs, and the complaint must be dismissed as time-barred (*see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 204-205 [1994], *rearg denied* 84 NY2d 865 [1994]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche and Green, JJ.