■ In the Matter of ANN PFAU, as Chief Administrative Judge of the Courts of the Unified Court System of the State of New York, Appellant, v PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent. [933 NYS2d 746]—

Peters, J.P.

In April 2007, District Council 37, AFSCME, AFL-CIO (hereinafter the union) filed a petition for unit clarification and/or unit placement (*see* 4 NYCRR 201.2 [b]) with respondent seeking a determination that the job title "secretary to judge" in New York City was either a position already encompassed within the scope of the union or a position that should be placed in the union. Petitioner, as Chief Administrative Judge of the Courts of the Unified Court System (hereinafter UCS) and functioning as " 'public employer' " of the affected employees in the job title (Judiciary Law § 212 [1] [e]), answered and, following a hearing, an Administrative Law Judge granted the petition and placed the job title within the union. UCS filed exceptions and, in October 2009, respondent affirmed the Administrative Law Judge's determination.

In February 2010, petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination and prohibit its enforcement. Respondent moved to dismiss the petition on the ground that it was filed outside of the 30-day limitations period provided in Civil Service Law § 213 (a). Supreme Court granted respondent's motion and dismissed the petition, prompting this appeal by petitioner.

Civil Service Law § 213 (a) permits judicial review of a final order of respondent only when the aggrieved party commences a CPLR article 78 proceeding within 30 days after service of the order. Here, there is no dispute that this proceeding to review respondent's determination, commenced nearly four months after service of the order, is untimely under Civil Service Law § 213 (a). While procedural proscriptions, such as the 30-day limitations period set forth in Civil Service Law § 213, do not insulate an administrative agency's determination from review where the agency acts in excess of the jurisdiction conferred to it by the Legislature (*see Matter of Foy v Schechter*, 1 NY2d 604, 612 [1956]; *Matter of Hampshire Mgt. Co., No. 20, LLC v Feiner*, 52 AD3d 714, 715 [2008]; *Matter of Town of Ohio v New York State Off. of Real Prop. Servs.*, 241 AD2d 878, 879 [1997], *lv denied* 91 NY2d 801 [1997]; *see also Matter of New York State Pub. Empl. Relations Bd. v Board of Educ. of City of Buffalo*, 39 NY2d 86, 91 [1976]), we agree with Supreme Court that petitioner failed to establish that respondent so acted here.

Petitioner's first claim, that respondent acted wholly beyond its jurisdiction because it did not afford employees in the job title at issue with notice or an opportunity to participate in the underlying proceeding, is without merit. Both statute and regulation empower respondent to hear and determine petitions for unit clarification and/or unit placement (*see* Civil Service Law § 205 [5] [a]; § 207; 4 NYCRR 201.2 [b]). Moreover, while a procedural mechanism is provided for intervention by interested public employees (*see* 4 NYCRR 212.1), a petition for unit clarification and/or unit placement affords party status, and the due process rights affiliated therewith (*see Health Ins. Assn. of Am. v Harnett*, 44 NY2d 302, 309 [1978]), only to a public employer or a recognized or certified employee organization (*see* 4 NYCRR 201.2 [b]; 201.5 [c]). Furthermore, unit placement and/or clarification is based upon statutory criteria that do not include the preferences of individual employees (*compare* Civil Service Law § 207 [1] *with* Civil Service Law § 207 [2]; *see* 4 NYCRR 201.2 [b]). Accordingly, any failure to notify or afford the secretaries an opportunity to participate in this proceeding would not render respondent's determination jurisdictionally infirm.

Similarly unpersuasive is petitioner's contention that, by placing employees simultaneously employed by a justice of the Supreme Court and UCS into a single employer union, respondent acted in excess of its jurisdiction. As Supreme Court aptly noted, whether the secretaries at issue have a single or joint employer is a determination to be made by respondent in con-

nection with its consideration of the statutory criteria for determining unit placement (*see* Civil Service Law § 207 [1] [b]). While respondent's finding that the secretaries are solely employed may be challenged on the basis that it is arbitrary and capricious or lacking a rational basis in the record (*see* CPLR 7803 [3]; *Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd.*, 48 NY2d 398, 404 [1979]; *Matter of County of Ulster v CSEA Unit of Ulster County Sheriff's Dept., Ulster County CSEA Ch.*, 37 AD2d 437, 440 [1971]), any error in its resolution of that question does not raise a jurisdictional issue.

Finally, petitioner contends that Judiciary Law § 39 (6) and (7) deprive respondent of jurisdiction to hear and determine the union's petition to place the unrepresented secretaries at issue into its bargaining unit. Resolution of this issue requires a review of the language of these provisions and consideration of the history behind their enactment.

In 1976, the Legislature reallocated fiscal responsibility for this state's court system from the various political subdivisions to the state itself (L 1976, ch 966, § 1) and, as a result, all court employees became employees of the state effective April 1, 1977 (*see* Judiciary Law § 39 [6]). Transfer of those employees to the state payroll was accomplished by Judiciary Law § 39, which contains transitional provisions aimed at preserving the rights of locally paid employees upon their transfer. Judiciary Law § 39 (6) (a) provides that, for those employees who were subject to current or pending contracts, the terms and conditions of employment contained in those contracts would be continued until altered by law or successor contract. For those court employees whose terms and conditions of employment were not provided by contract at the time of the statute's effective date, Judiciary Law § 39 (6) (a) provides that such terms and conditions may be altered by administrative action. In addition, the Legislature addressed the modification of collective bargaining units following the state's takeover. Judiciary Law § 39 (7) provides that: "Upon the termination of the period of unchallenged representation of any employee organization certified or recognized to represent employees of the courts or court related agencies of the [UCS], petitions may be filed with [respondent] to alter negotiating units in accordance with the standards set forth in [Civil Service Law § 207]; provided, however, that [respondent] shall not alter any such negotiating unit comprised exclusively of such employees or that part of any other negotiating unit comprised of such employees. The provisions of this subdivision shall be applicable in any case in which the negotiat-

ing unit is so defined on the effective date of this subdivision in accordance with the provisions of either [Civil Service Law § 207 or Civil Service Law § 212], as the case may be. Nothing herein shall preclude the merger of negotiating units of such employees with the consent of the administrative board of the judicial conference and the recognized or certified representatives of the negotiating units involved."

Initially, we reject petitioner's argument that Judiciary Law § 39 (6) bars the relief granted by respondent. That section does not prohibit collective bargaining for employees hired after the effective date of the statute, and petitioner presented no evidence that any of the secretaries holding the title at issue here were so employed prior to April 1, 1977. Petitioner's assertion that Judiciary Law § 39 (7) presents a jurisdictional obstacle to respondent's determination requires further discussion. In *Matter of Rosenblatt v Newman* (164 AD2d 117 [1990], *affd* 78 NY2d 1036 [1991]), this Court held that Judiciary Law § 39 (7) prohibited respondent from altering court employee negotiating units by moving represented employees from one unit to another (*id.* at 120-121). While petitioner maintains that the statute also precludes respondent from placing unrepresented court employees into an existing bargaining unit, we cannot subscribe to that interpretation.

As is evident from the preamble to the enacting legislation (L 1976, ch 966, § 1) and the language of the statute itself, the purpose of Judiciary Law § 39 (7) is twofold. First, it is clear that the Legislature recognized the separateness of the UCS and, by this section, the appropriateness of grouping its employees separately for negotiating purposes. Thus, this provision was enacted to provide a mechanism for fragmenting those units which, at the time of the state takeover, were made up of nonjudicial court employees and other employees of the political subdivision. Through this provision, the Legislature ensured that any fragmentation would be of all court employees and that any such group would be kept intact in any subsequent uniting.

Second, with respect to those bargaining units comprised exclusively of court employees, Judiciary Law § 39 (7) seeks to preserve the status quo with respect to unit configurations absent consent by all affected parties. In other words, Judiciary Law § 39 (7) precludes respondent from finding any bargaining unit to be most appropriate other than that which the affected job title was in on the date the locally-paid employees became employees of the state. Thus, Judiciary Law § 39 (7) prohibits, for example, the merger or fragmentation of existing bargaining

units comprised exclusively of court employees, or the transfer of job titles from one bargaining unit to another, absent the consent of all interested parties (*see e.g. Matter of Rosenblatt v Newman*, 164 AD2d at 121). It does not, in our view, preclude the accretion of unrepresented titles into an existing bargaining unit. Indeed, such a reading of the statute would mean that any time a job title was created within the UCS, such employees would never be able to unionize absent the consent of petitioner and the representatives of the involved negotiating unit or units. We have implicitly rejected such a result (*see Matter of Crosson v Newman*, 178 AD2d 719, 719-720 [1991] [finding no error in respondent's determination adding the unrepresented title of Family Court Hearing Examiner to existing bargaining units]). Moreover, petitioner's interpretation would deprive existing unrepresented court employees, as well as those within newly created job titles, of their rights under the Taylor Law to join and participate in a union (*see* Civil Service Law § 202). For these reasons, we conclude that Judiciary Law § 39 (7) does not deprive respondent of jurisdiction to determine whether unrepresented court employees should be placed within an existing bargaining unit.

As petitioner has failed to demonstrate that respondent lacked the authority to render its determination or otherwise acted outside or in excess of its jurisdiction, any challenge to its determination was subject to the 30-day statute of limitations contained in Civil Service Law § 213 (a). Accordingly, the petition was properly dismissed as untimely.

Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.