■ BIG APPLE ICE CREAM, INC., Appellant, v CITY OF NEW YORK, Respondent. [776 NYS2d 251]—

Order, Supreme Court, New York County (Louis B. York, J.), entered May 14, 2003, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff claims that Local Laws No. 27 (1997) and No. 23 (1999) of the City of New York, which regulate food vendor permits, violate the Equal Protection Clauses of the New York and United States Constitutions. However, these ordinances are subject only to rational basis scrutiny (*see e.g. City of New Orleans v Dukes*, 427 US 297, 303 [1976]; *Big Apple Food Vendors' Assn. v City of New York*, 228 AD2d 282 [1996], *lv denied* 89 NY2d 807 [1997]) and, as such, enjoy a heavy presumption of constitutionality (*D'Amico v Crosson*, 93 NY2d 29, 32 [1999]), which plaintiff has failed to rebut.

Local Law 27 was enacted to ameliorate the unintended hardships created by Local Law No. 15 (1995) of the City of New York, which limited vendors who sell food in public places to one permit each. Plaintiff contends that, since the Department of Health does not track vendors by the type of food they sell, the City Council could not rationally have found that Local Law 15 created hardships "for certain small business owners who held multiple temporary permits and who are exclusive distributors or manufacturers of food such as ice cream sold on a seasonal basis on the streets of the City" (Local Law 27 § 1). However, there is a presumption, which plaintiff has failed to rebut, "that the Legislature has investigated and found facts necessary to support the legislation as well as the existence of a situation showing or indicating its need or desirability" (*Hotel Dorset Co. v Trust for Cultural Resources*, 46 NY2d 358, 370 [1978] [citations omitted]; *see also People v Walker*, 81 NY2d 661, 668 [1993]).

Next, plaintiff contends that Local Law 27's distinction between exclusive distributors or manufacturers who held temporary permits as of February 3, 1995 and those who held full-term permits as of that date is not rationally related to the

purpose of protecting seasonal food vendors. It is true that there is not a perfect fit between Local Law 27's distinction and its purpose. However, "rational distinctions may be made with substantially less than mathematical exactitude" (*City of New Orleans*, 427 US at 303; *see also Matter of Brothers of Mercy Nursing & Rehabilitation Ctr. v DeBuono*, 292 AD2d 775, 777 [2002], *lv denied* 99 NY2d 502 [2002]) and courts defer to "legislative determinations as to the desirability of particular statutory discriminations" (*City of New Orleans*, 427 US at 303). "The issue of whether the legislation is the most efficacious means of achieving the desired goal is not for the court to consider" (*Big Apple Food Vendors' Assn.*, 228 AD2d at 282-283 [internal quotation marks omitted]). Since temporary permits are for April 1 through October 31 of a given year, whereas full-term permits are year-round, the City Council "could have reasonably concluded" that temporary permit-holders sold seasonal food (*Exxon Corp. v Eagerton*, 462 US 176, 196 [1983]).

While Local Law 23, unlike Local Law 27, does not state its purpose, "[t]he Legislature's actual purpose need not be apparent, for a statute is constitutional if rationally related to any conceivable legitimate State purpose" (*Walker*, 81 NY2d at 668; *see also Nordlinger v Hahn*, 505 US 1, 15 [1992]). Raising money is a legitimate state purpose, and the City Council could rationally have concluded that it would be easier to solicit bids for park concessions if the one-vendor, one-permit rule of Local Law 15 were relaxed. It was rational for the City Council to limit its relaxation of this rule to vendors who sell food in parks, where congestion is not as problematic as it is in nonrecreational city streets.

Contrary to plaintiff's claim, Local Laws 27 and 23 do not impliedly repeal Local Law 15. Implied repeal is not favored, and it is possible to read all three local laws together (*see e.g. Iazzetti v City of New York*, 94 NY2d 183, 189 [1999]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Lerner, Marlow and Gonzalez, JJ.