Berry v New York State Dept. of Taxation & Fin. (2018 NY Slip Op 04843)





Berry v New York State Dept. of Taxation & Fin.


2018 NY Slip Op 04843


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Friedman, J.P., Tom, Mazzarelli, Singh, JJ.


158919/16 7014 7013

[*1]Arthur Kevin Berry, Plaintiff-Appellant,
v
The New York State Department of Taxation and Finance, et al., Defendants-Respondents. 
Chiraag Bains, Brooklyn Legal Services, Brooklyn Legal Services, Corp. A, The Legal Aid Society and Syracuse University College of Law Low Income Taxpayer Clinic, Amici Curiae.


Lincoln Square Legal Services, Inc., New York (Elizabeth A. Maresca of counsel), for appellant.
Eric T. Schneiderman, Attorney General, New York (Linda Fang of counsel), for respondents.
Wilmer Cutler Pickering Hale & Dorr LLP, Washington, DC (Danielle Conley of the bar of the State of Washington, admitted pro hac vice of counsel), for Chiraag Bains, amicus curiae.
Jaclyn Roeing, Washington, DC, for Brooklyn Legal Services, Brooklyn Legal Services, Corp. A, The Legal Aid Society, Syracuse University College of Law Low Income Taxpayer Clinic, amici curiae.



Judgment, Supreme Court, New York County (Carol Edmead, J.), entered July 6, 2017, dismissing plaintiff's complaint and declaring Tax Law § 171-v constitutional, and bringing up for review an order, same court and Justice, entered June 21, 2017, which granted defendants' motion pursuant to CPLR 3211 to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff was served with a notice pursuant to Tax Law § 171-v to suspend his license for failure to pay outstanding taxes. Tax Law § 171-v was enacted to require NYS Department of Taxation and Finance and Department of Motor Vehicles to "cooperate in a program to improve tax collection through the suspension of drivers' licenses of taxpayers with past-due tax liabilities equal to or in excess of [$10,000]" (Tax Law § 171-v [1]). The notice informed plaintiff that he had 60 days within which to satisfy his tax liability or prove that he fell within one of the statute's exceptions, such as mistaken identity, being subject to a prior wage garnishment, or being the holder of a commercial driver's license, or his license would be suspended (see Tax Law § 171-v [5]).
Plaintiff's argument that Bearden v Georgia (461 US 660 [1983]) warrants a finding that he has stated a cause of action that Tax Law § 171-v is unconstitutional is without merit (see Jacobi v Tax Appeals Trib. of the State of N.Y., 156 AD3d 1154, 1157 [3d Dept 2017], lv denied ___ NY3d ___, 2018 NY Slip Op 71379 [May 3, 2018]). While a "driver's license is a substantial property interest that may not be deprived without due process of law" (Pringle v Wolfe, 88 NY2d 426, 435 [1996]; cert denied 519 US 1009 [1996]); see Bell v Burson, 402 US 535, 539 [1971]). it is not a fundamental right as to warrant review pursuant to Bearden (compare MLB v SLJ, 519 US 102 [1996]; Boddie v Connecticut, 401 US 371 [1971]).
There is a rational basis to the law, as the government has a legitimate interest in tax [*2]collection (see Big Apple Ice Cream v City of New York, 7 AD3d 282 [1st Dept 2004]). Further, the notice was reasonably calculated, under all the circumstances, to apprise plaintiff of the pendency of the action and afford him an opportunity to present his objections (see Bell v Burson, 402 US 535 [1971]). The prohibition against excessive fines does not apply here, since the condition may be lifted upon action by the plaintiff (see Matter of Seril v New York State Div. of Hous. & Community Renewal, 205 AD2d 347 [1st Dept 1994]). Nor can plaintiff press a claim pursuant to 42 USC § 1983, as state law provides an adequate remedy (see National Private Truck Council, Inc. v Oklahoma Tax Commn., 515 US 582, 586, 588 [1995]).
Lastly, the statute is not facially invalid, since plaintiff cannot prove that there is no set of circumstances under which the Act would be valid (see Amazon.com, LLC v New York State Dept. of Taxation & Fin., 81 AD3d 183, 194 [1st Dept 2010], affd 20 NY3d 586 [2013], cert denied 571 US 1071 [2013]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK